WILLIAM R. SMYTH, Appellant, *v.* GEORGE W. M. STURGES, Respondent.

For a refusal on the part of the vendee to perform a contract for the purchase of real estate the vendor has two remedies, one to recover damages; the other for specific performance.

Where the vendor brings his action to recover damages he must be held strictly to the very terms of his agreement, and show the performance of all the conditions necessary to be performed on his part to put the vendee in default.

T., plaintiff's assignor, entered into a contract with defendant, by which T. agreed to sell to defendant, and the latter agreed to purchase, certain lots upon which were stores, and to convey the same by warranty deed, free from all incumbrances. There were at the time various fixtures, consisting of partitions, gas-pipe, plumbing, etc., which had been put in by a tenant, who afterwards and before the tender of a deed removed them, in consequence of which defendant refused to take title. T. offered to make compensation, but this was also refused. In an action to recover damages *held*, that defendant was entitled to the stores in the condition they were when bargained for, and his refusal to take them with the fixtures removed was not a breach of the contract and that the action was not maintainable.

*It seems* an action in equity for performance of the contract might have been maintained, compensation being made to defendant for the removal of the fixtures.

(Argued February 1, 1888; decided Febuary 28, 1888.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered upon

an order made June 1, 1883, which affirmed a judgment in favor of the defendant, entered upon a decision of the court on trial at Special Term.

The complaint shows that, on the 6th of June, 1878, one Trask and the defendant entered into an agreement in writing, bearing that date, and under seal, by which Trask agreed to sell to the defendant certain property described as "the stores and premises known as No. 39 South William street and No. 29 Stone street, in the city of New York," for the sum of $30,000, and convey the same "free from all incumbrances," by deed containing "a general warranty and the usual covenants;" that Trask was ready to perform on his part, and at the proper time and place "tendered to the defendant a sufficient deed of the said premises and demanded" fulfillment by him, but that he refused to perform; that Trask sustained damages by reason thereof to the amount of $25,000; that he assigned his claim therefor to the plaintiff, and he asks judgment accordingly.

The answer of the defendant admits the agreement as stated; denies all other allegations in the complaint, and, among others, sets up, as a separate and distinct defense, that on the first of June, and just before the making of the agreement, Trask, in order to induce this defendant to purchase said premises, and to make the said agreement, and with the preconceived intent and design to deceive and cheat and defraud this defendant, falsely and fraudulently stated and represented to this defendant that the stores and all the fixtures therein belonged to him, said Trask; that the same could be rented immediately to a tenant or tenants; that all the partitions and store fixtures in said building and premises, and the divisions therein contained, and all the fixtures, gas pipes, water pipes, wash basins, sinks, water closets, sash doors, sash partitions and other partitions, gas fixtures and all plumbing work, materials and fixtures, and the offices, and matters and things aforesaid, on the various floors in said building, and in the stores thereof, all of which was then there, and on said floors and in said building, and was seen and observed by

this defendant, belonged to him, said Trask, and that he, said Trask, was the owner and holder and proprietor thereof, and he, said Trask, would sell them to this defendant along with the fee of said premises, and that they were a part and parcel thereof, and not otherwise; and that he, said Trask, would sell and deliver the said stores and premises aforesaid, in the state and condition in which this defendant then saw them, and that they would be ready for immediate renting to tenants; that the defendant relied upon these representations, and entered into the agreement; that in fact the articles and fixtures so referred to were not the property of Trask, and he could not deliver possession thereof in the state and condition that they then were, so that this defendant could have the immediate use and possession thereof, and rent the same to tenants, as he well knew; that they belonged to a lessee of the premises, whose lease was not recorded, and of which the defendant was ignorant, and the said fixtures were removed by the lessee between the making of the agreement and the day fixed for its consummation, so that the condition of the premises was changed, and they were not as suitable for use as when the agreement was made, and Trask could not convey the stores to him in the condition in which they were when bargained for, and so he failed to comply with his agreement, although the defendant was ready to do so on his part.

Upon the trial evidence was given as to these matters, and at its close the defendant moved the trial judge to direct a verdict for him upon the ground "that the plaintiff or his assignor had failed to prove his ability to give the defendant the possession of the property he contracted to sell and deliver in his contract," and on the additional ground "that Mr. Trask represented to the defendants that these fixtures went with the premises." The plaintiff asked to go to the jury on the questions: "*First*, Whether there was any bad faith on the part of Mr. Trask in respect to these fixtures; and, *Second*, As to the credibility of the witnesses of the defendant on the subject of any representations alleged to have been made by

him concerning these fixtures being or not being a part of the premises that were to be sold under the contract." The plaintiff's motion was denied and the defendant's granted.

*Lewis Johnston* for appellant. Parol evidence, admitted only for the purpose of proving fraud in a written agreement, cannot legally be used to control or vary the terms of such agreement. (*Leonard* v. *Smith*, 11 Metc. 52 Mass. 330.) The validity of the contract is not affected in the absence of fraud or intentional misrepresentation, by an error of the parties respecting the property or its incidents. (*Noble* v. *Googins*, 99 Mass. 413; *Wells* v. *Day*, 124 id. 38.) If the so-called "fixtures" had been an inducement or a material part of the contract, they would have been mentioned and specified with particularity. (*Jarvis* v. *Palmer*, 11 Paige, 650.) If the vendor makes a false representation during the negotiation for a sale, it is a question for the determination of the jury. (*Pritchett* v. *Munroe*, 22 Ala. 501; *Clemence* v. *City of Auburn*, 66 N. Y. 338; *Bagley* v. *Bowe*, 105 id. 179.) Parol evidence will not be admitted to vary the substance of a written contract, except when the language is ambiguous, when the court may arrive at the intent of the parties by construction, and then it becomes a mixed question of law and fact, to be submitted with proper instructions to a jury. (*White* v. *Hoyt*, 73 N. Y. 505; *Eighmie* v. *Taylor*, 98 id. 288; *Shaw* v. *Republic Fire Ins. Co.*, 69 id. 286; *Lang* v. *N. Y. C. R. R. Co.*, 50 id. 76, 78; *Mitchell* v. *Universal Ins. Co.*, 54 Ga., 289; *Brown* v. *Russell*, 105 Ind. 46; *Lewis* v. *Seabury*, 74 N. Y. 410; *Brady* v. *Cassidy*, 104 id. 147; *Gooch* v. *Connor*, 8 Missouri, 391; *Corse* v. *Peck*, 102 N. Y. 513; *Cox* v. *Bennett*, 1 Green [N. J.] 165; *Mead* v. *Steger*, 5 Porter [14 Ala.] 498; *Ripley* v. *Paige*, 12 Vt. 353; *Ins. Co.* v. *Thorp*, 22 Mich. 146; *Hei* v. *Heller*, 53 Wis. 415; *Evans* v. *Robins*, 31 Law J. Ex. [N. S.] 465; 8 Jur. [N. S.] 846; 6 L. T. 897; 10 Weekly R. 776; *Johnson* v. *Oppenheim*, 55 N. Y. 280.) The defendant was put on inquiry as to the extent of the tenant's holding and interest by the fact of his

possession, and is chargeable with notice of the nature of his claim and the extent thereof, both as between himself and the tenant and as between himself and the vendor, Trask. (*Chesterman* v. *Gardner*, 5 John. Ch. 29 ; *Troup* v. *Hurlbut*, 10 Barb. 354; *Cambridge Valley B'k* v. *Delano*, 48 N. Y. 326 ; *Williams* v. *Brown*, 14 Ill. 200 ; *McCall* v. *Yard*, 11 N. J. Eq. [3 Stockton] 58 ; *McKee* v. *Wilcox*, 11 Mich. 358 ; *Fery* v. *Pfeiffer*, 18 Wis. 510; *Grimstone* v. *Carter*, 3 Paige, 421; *James* v. *Litchfield*, 9 L. R. Eq. 51; 39 L. J. Chan. [N. S.] 248; 21 Law Times, 521; 18 Weekly R. 158; *Carroll* v. *Keays*, 22 Weekly R. 243.) The alleged "fixtures" or second-hand office partitions, closets, etc., having been put up for the use of the tenant by the tenant Simpson, with intent to remove the same, belonged exclusively to him, were personal property and not a part of the reality, and could not be sold or conveyed by the plaintiff's assignor, Trask. (*Tifft* v. *Horton*, 53 N. Y. 377; *Sisson* v. *Hubbard*, 75 id. 546 ; *Globe Mills Co.* v. *Quinn*, 76 id. 25 ; *McKeage* v. *Hanover Ins. Co.*, 81 id. 38 ; *Tousley* v. *Barry*, 16 id. 497; *Justice* v. *Lang*, 52 id. 328; *Hart* v. *H. R. Bridge Co.*, 80 id. 623.) The policy of the law in admitting evidence liable to be influenced by interest, prejudice or passion, is based upon the theory that twelve jurymen can and will be allowed to discriminate between the truth and falsehood of such proofs. (*Ellwood* v. *W. U. Tel. Co.*, 45 N. Y. 549 ; *Sheridan* v. *Mayor, etc.*, 8 Hun, 427; *Nicholson* v. *Connor*, 8 Daly, 215 ; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 id. 609 ; *Koehler* v. *Adler*, 78 id. 291; *McNulty* v. *Hurd*, 86 id. 553, 554; *Wohlfahrt* v. *Beckert*, 92 id. 497 ; *Honegger* v. *Wettstein*, 94 id. 261 ; *Dean* v. *Van Nostrand*, 23 Week. Dig. 97; *Bagley* v. *Bowe*, 105 N. Y. 179.)

*J. C. Julius Langbein*, for respondent. The testimony as to what was said between Trask, plaintiff's assignor, and the defendant and his witnesses, was properly admitted, being in explanation of the intent and meaning of the parties of the

words "stores and premises" in the contract of sale. (*Beckett* v. *Taylor*, 55 How. 126; 1 Greenleaf on Evidence, §§ 90, 227;. 2 Parsons on Contract, 549; *Hinnemann* v *Rosenback*, 39 N. Y. 98; *Phœnix Iron Co.* v. *Samuel*, 41 Leg. Inst.. 156; 29 Albany L. J. 323; *Collyer* v. *Collins*, 17 Abb. Pr. 467; *Gauson* v. *Madigan*, 15 Wis. 144; *Prentiss* v. *Brewer*,. 17 id. 636; *Rockwell* v. *Ins. Co.*, 21 id. 548; *Lyman* v.. *Babcock*, 40 id: 548; *Monitor* v. *Iron Works* v. *Ketchum*, 44 id. 126; Smith's Com. 656; *Funk* v. *Brigaldi*, 4 Daly, 359;. *Pettitt* v. *Shepard*, 32 N. Y. 97; *Collender* v. *Dinsmore*, 55 id. 200, 205; *Rhodes* v. *Cleveland Rolling Mill*, 17 Fed. Rep. 426; *Nash* v. *Thorn*, 5 Wall. 689.) Conceding, for the: sake of argument, that the wording of the contract was not. equivocal or ambiguous, and did not require to be explained. by parol testimony, and that the admission of the parol evi‐ dence as to the intent and meaning of the parties of the words "stores and premises" was error on the part of the court, still such evidence did not prejudice the plaintiff. (Schouler on Personal Property, 150.) Whether one offered as an expert. is qualified to speak as such is a fact preliminary to his testify‐ ing, to be determined by the court upon the trial. (*Nelson* v. *Sun Mut. Ins. Co.*, 71 N. Y. 454.) In order to maintain. an action for a specific performance, the plaintiff must be: ready, able and willing to make title at the time the court. compels the defendant to take title. (*Jenkins* v. *Fahey*, 73. N. Y. 355; *Clute* v. *Robinson*, 2 Johns. 595; *Hubbell* v. *Van Schoening*, 49 N. Y. 326; *Merchant's Bank* v. *Thomp‐ son*, 55 id. 9.) The certified check was a good tender, unless. refused at the time as not being money. (*Duffy* v. *O'Donovan*, 46 N. Y. 223; *Appleby* v. *Astoria Fire Ins. Co.*, 54 id. 253,. 260; *Hodge* v. *City of Buffalo*, 1 Abb. N. C. 356, 360; 1 Buff. Superior Court [Sheldon], 418; *Lomer* v. *Meeker*, 25 N. Y. 361; *Pratt* v. *Hull*, 13 Johns. 334; *Stafford* v.. *Learney*, 34 Supr. 269; *Conrad* v. *Williams*, 6 Hill, 447; *Liebert* v. *Erie R. Co.*, 49 Barb. 587; *Fish* v. *Davis*, 62 id. 122; *Oscanijan* v. *Arms Co.*, 103 U. S. [13 Otto], 261; *Hendricks* v. *Lindsay*, 93 U. S. 143; *Bemis* v. *Wood-*

*worth,* 49 Iowa, 340; *Lane* v. *Old Colony R. R. Co.,* 14 Gray, 143; *Thomasson* v. *Groce,* 42 Ala. 431; *Cutter* v. *Hurlbut,* 29 Wis. 152; *Chenery* v. *Palmer,* 6 Cal. 119.) Where a fact, not in itself, or in view of attending circumstances, incredible or improbable, is positively and distinctly testified to by witnesses unimpeached and uncontradicted, it is error if the court submit it to the decision of the jury. (*Robinson* v. *McManus,* 4 Lans. 380, 386; *Kelly* v. *Nat. B'k of Erie,* 52 Barb. 333; *Cagger* v. *Lansing,* 64 N. Y. 417; *Corning* v. *Troy Factory,* 44 id. 577; *Neuendorf* v. *World Ins. Co.,* 69 id. 389; Proffatt on Jury Trials, § 354; *Steves* v. *Oswego,* 18 N. Y. 425; *People* v. *Cork,* 8 id. 74; *Jaeger* v. *Kelly,* 52 id. 274; *Harriman* v. *Queen's Ins. Co.,* 49 Wis. 71; *Berg* v. *Chicago R. R. Co.,* 50 id 419; *Scott* v. *Clayton*; 54 id. 499; *Lange* v. *Perley,* 47 Mich. 352; *Elwood* v. *W. U. Tel. Co.,* ·45 N. Y. 549; *Moody* v. *Pell,* 2 Abb. N. C. 274; *Sheridan* v. *Mayor, etc.,* 8 Hun, 430; *Kavanagh* v. *Wilson,* 70 N. Y. 177; *Nicholson* v. *Connor,* 8 Daly, 212, 215; *Lessur* v. *Wunder,* 9 id. 70; *Koehler* v. *Adler,* 78 N. Y. 287; *Pease* v. *Barnett,* 27 Hun, 378; *Wallace* v. *Marke,* 13 Week. Dig. 400; *Powell* v. *Powell,* 71 N. Y. 71; *Metropolitan E. R. R. Co.* v. *Manhattan R. R. Co.,* 14 Abb. N. C. 298; *Gildersleeve* v. *Landon,* 73 N. Y. 609; *McNulty* v. *Hurd,* 86 id. 547; *Honegger* v. *Wettstein,* 13 Abb. N. C. 393; *S. C.,* 92 N. Y. 252; *Wohlfahrt* v. *Bechert,* 12 Abb. N. C. 478; *S. C.,* ·92 N. Y. 490; *Michigan Carbon Works* v. *Schad,* 38 Hun, 71.)

DANFORTH, J. It cannot be doubted that the articles in ·question formed part of the freehold, and in the absence of anything to indicate a contrary intention were as between vendor and purchaser, such fixtures as would pass "by a contract of sale and conveyance of the stores and premises," but they were put in by a tenant and the contention is that as between his landlord and himself he would have a right to remove them. That proposition, however, does not seem ·material to the present inquiry. It is a general rule that whatever is once annexed to the freehold, becomes parcel

thereof and passes with the conveyance of the estate, and this rule, however modified between landlord and tenant, remains in full force as between vendor and vendee. The agreement to sell in this case contained no reservation; the property was to be free from incumbrance and no meaning or intent of the parties can be discovered from it or from any circumstance in evidence, other than a general purpose that the vendee should have as part of the realty every article which would be comprehended under the general rule to which I have referred. They consisted in fact of gas piping, partitions, lead pipe, plumbing work, water closet and basins, one in the front office and one on the store floor. The closet and basins were connected by lead pipes, and all formed part of the building when in considering the possibility of purchase, the premises were inspected by the intending vendee, nor was any removal begun or attempted until after the execution of the agreement. The partitions were of plank, tongued, grooved and beaded; they ran from "the floor to the ceiling," the whole length of the building, and these were again divided by partitions so as to make four offices, two on each street. They were in the loft and on the first and second floor, and were nailed to the ceiling, and "were up fast." Just before the deed was to be executed under the contract, these articles were removed by the tenant, who had in fact put them in. The lead pipe was cut off close to the sidewalk, the water closet, basins and partitions taken down and carried away. On account of the changes thus made in the building the defendant refused to take the premises. The vendor, Trask, offered to make compensation in money, but this was refused.

If the vendor had sued in equity for a performance of the contract it is not improbable he would have succeeded, for it seems apparent that compensation might have been made in money for the altered condition of the buildings caused by the removal of the fixtures. There might be inconvenience and delay arising from the dismantling of the stores, but not beyond the power of money to relieve, and in such a case a court of equity is not prevented from enforcing performance as to the

principal subject matter. Some such case is put by the court in *Richardson* v. *Smith* (5 Ch. App. Cas. [L. R.] 654), and it was held that the value of certain undeliverable articles might be deducted from the price agreed to be paid for the whole property. That exception related to furniture, and although in this case there is a difference growing out of the character of the articles, which as fixtures might under certain circumstances be deemed essential to the enjoyment of the principle thing. (*Darbey* v. *Whitaker*, 4 Drewry 134; *Jackson* v. *Jackson*, 1 S. & G. 184), they are not necessarily so here. The vendor having two remedies, one damages and the other performance, chose the former. This right, if any, to damages he assigned to the plaintiff and the plaintiff has sued. In such an action the vendor must be held strictly to the very terms of his engagement and show the performance of all the conditions on his part necessary to be performed to put the other party in default. In the present instance the defendant was entitled to the stores in the condition in which they were when bargained for, and his refusal to take them in an altered and inferior condition was not a breach of his contract. By his own failure to perform, therefore, the vendor lost his right of action at law and could convey none to his assignee.

No other question raised by the appellant becomes important and the view taken of the case by the General Term (30 Hun, 89), and in which we concur, renders it unnecessary to discuss the various exceptions upon evidence, because however decided the result of the principal contention would be the same.

The judgment appealed from should be affirmed.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.