EDWARD KELLY, Appellant, *v.* JAMES C. BROWER, Respondent.

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Vendor and purchaser. Deficiency.*—Where the vendor is in a position substantially to perform his contract and offers to do so, the purchaser is entitled only to an abatement in the price by reason of the deficiency, and not to a discharge from the contract and recovery of the earnest money.

Appeal from judgment dismissing complaint and directing specific performance of a contract of sale of real estate as prayed in the answer.

Action for breach of such contract of sale and to recover the amount paid on account thereof and expenses of searching title.

The premises were situated on Elm street in the city of Brooklyn, and were described in the contract as beginning 165 feet 9 inches west of Central avenue, with 75 feet frontage. The deed to defendant gave the westerly boundary as 239 feet 6½ inches west of Central avenue. When this deed was given the avenue had not been opened, and the court found that the avenue as opened was located 14 inches east of the point marked out for it on the map.

*Jos. A. Burr, Jr.,* for appellant.

*Wm. T. Gilbert,* for respondent.

PRATT, J.—The plaintiff contracted to purchase from defendant some vacant lots on Elm street, Brooklyn, with a frontage of seventy-five feet.

Upon an examination of the title his counsel were of the opinion that as to fourteen inches of the front the defendant's title was not perfect. Thereupon plaintiff refused to take the title and brings this action to recover the earnest money and the expense of searching the title.

The defendant answers, averring that the title is perfect and asking that plaintiff be required to take the title and pay the purchase price.

An examination of the testimony satisfies the court that the special term correctly sustained defendant's claim. But were it otherwise the judgment would not necessarily be disturbed. For by plaintiff's own admission defendant was in position to substantially perform his contract, and offered to do so. On that state of facts the most defendant could reasonably ask would be an abatement in the contract price. Were it conceded that the title failed as to the fourteen inches in dispute, the abatement would be about $70 from the stipulated price of $4,500.

The lots being vacant, it sufficiently appears from the maps filed and the other testimony that no especial value attaches to the disputed fourteen inches.

The plaintiff does not ask for any abatement, but for a full discharge, to which, upon his own showing, he is not entitled.

Judgment affirmed, with costs.

DYKMAN, J., concurs; BARNARD, P. J., not sitting.