The following is the opinion at special term:
Cullen, J.
There is no merit in the defense in this action. The defendant did not intend in good faith to carry out his contract of purchase at the time fixed for its completion, but endeavored to discover defects in plaintiff’s title which would relieve him from his bargain. I find that there is no valid objection to plaintiff’s title. Concededly there were two mortgages outstanding on the property.
But both these mortgages were past due and payable, and the holders ready to receive their amounts and satisfy the liens. By the contract the defendant was to pay in cash the whole purchase money except the amount of the deposit previously' paid. This sum was far in excess of the amounts due on the mortgages. The plaintiff was not bound to satisfy the liens previous to the delivery of the deed, and then wait to see if defendant would carry out his contract. The delivery of the deed with a title free and clear and the payment of the money by the defendant were by the contract to be simultaneous transactions. It was therefore sufficient if the plaintiff were ready at the time to make her title clear if the defendant were ready to perform on his part. Rinaldo v. Housmann, 1 Abb. N. C., 312; Hinckley v. Smith, 51 N. Y., 21; Jenkins v. Fahey, 73 id., 355.
It may be that she should have had. the holders of these mort-. gages present, ready to surrender and satisfy them upon the defendant paying purchase money. But I find that the defendant was informed of the existence of the mortgages and acceded to the proposal to retain their amount out of the purchase money. Further, when objection was raised to the title on this ground, the plaintiff forthwith paid them off, and on the same day tendered defendant her deed with the satisfaction of the mortgages. Time was not of the essence of this contract, and if the plaintiff were in default equity would relieve her. Day v. Hunt, 112 N. Y., 191; 20 N. Y. State Rep., 233. But I find she was not in default in this respect; after the unqualified refusal to accept her title, the payment of these mortgages was wholly unnecessary.
I shall now examine what are claimed defects in the plaintiff’s title.
First, it is objected that there is a right of way in favor of the public along the easterly and southerly sides of the premises varying from four feet to one foot in width, and that on such right of way a telegraph pole and a telephone pole have been placed. I do not think that the evidence establishes this claim. It is based on the fact that the fences maintained by the plaintiff on the easterly and southerly sides of her lot have been set' within the correct boundary lines the distances above mentioned. The .adjacent lot is the property of the railroad and has been thrown open and travelled by the public.
There is no evidence that it has been opened or accepted as a street, but the plot has been used by the railroad company for access to its road. ■ I do not think that even as against the railroad company'the public have an easement over this adjacent plot, and there is no evidence of any claim or occupation by the railroad *1114 company of the narrow strip outside the fence. There is no evidence that the poles were constructed or are maintained under a claim of right. But assuming that the title is defective as to the strip beyond the fence, I think the language of the contract is a complete answer to the objection. By the contract no dimensions are given, but the plot is described as “ the same premises now occupied by myself and family,” and is bounded by the lands of the adjacent owner. On the sides in question the lot was enclosed by fences. These fences, the defendant gave and he was entitled to receive only the premises as occupied; that is, with the fences.
Daniel Finn ( WilliamVanamee, of counsel), for app’lt; W. F. O'Neill, for resp’t.
It is next objected that proceedings have been instituted by the village (now city) of Middletown, to open a street across the premises. Unless the plaintiff has been actually deprived of her title by those proceedings I do not see that the objection is well founded. All property is liable to be taken for the p. blic use, and the chance that any particular piece may be taken, whether that chance is near or remote, does not constitute a defect in the title to the property. By chap. 46, Laws of 1872, the trustees are authorized to lay out streets. The scheme for condemning land for such purposes is found in title 6 of that act
By that scheme the trustees may annul any report or award of commissioners, in which case a second commission may be had.. The report of such second commission may also be annulled, in which case all the proceedings become utterly void. In case of confirmation by the trustees, either report becomes final and conclusive.- It thus appears that until a confirmation of the report by the trustees the whole scheme is inchoate; all the proceedings' may be entirely annulled. The land owner can, therefore, have no claim to damages till the confirmation of the report, and he certainly cannot be divested of his title until he has a vested right to-compensation. The laying out of this street, therefore, worked no appropriation of the land. It is over fifteen years since the second commission made its report, and the trustees have taken no action thereon. I think that this lapse of time must be held an abandonment of the proceedings.
There remains the covenant on the part of the former owner off the premises to maintain a fence along the line of the Erie railroad. I shall assume that this covenant ran with the land. The only possible charge on the land under the covenant would be its-share of the expense of maintaining the fence. As I figured the amount on the trial, the charge on these lands would be less than fifty cents a year. Such a trifle is no valid objection to the title, Winne v. Reynolds, 6 Paige, 407, and even had the charge been substantial, equity would decree a performance, making compensation to the purchaser. This objection has not been removed by the release from the company. There should be a judgment for the plaintiff, with costs.
*1115 Pratt, J.
This is an equity action praying for a specific performance of a contract for the sale of real estate in the county of Orange.
Various defenses are interposed, but the, trial judge has found upon sufficient evidence that there is no credit in the defense and has written an opinion that covers the whole case.
It is evident from a careful perusal of the testimony that the defendant did not intend in good faith to carry out his contract on the day specified for passing the title and that he resorted to all means in his power to defeat the rights of the plaintiff under the contract.
He claims that time was of the essence of the contract and that on the day specified the title was not perfect and, hence, he should be relieved from performance.
The objection that there were mortgages existing upon the premises was not valid, as money could be substituted- for the mortgages or deduction made from the purchase money ; besides the defendant well knew of the existence of the mortgages and that they were to be paid off by a part of the money to be paid on that day.
Good faith required him to give notice if he intended to rely upon that fact to refuse title.
It is clear, however, that time was not the essence of the contract and the evidence plainly showed that no change had taken place in the circumstances of the defendant which rendered a specific performance inequitable.
The objection that there was an incumbrance existing upon the property in the shape of an obligation to maintain a fence is too trivial to require notice, but, assuming it was a technical incumbrance, the change of circumstances arising from the fact of the growth of the city so as to make this property within the limits of that part of the city laid out into public streets rendered it so improbable that any fence could or would ever be required that it could form no substantial objection to the title. It is also answered by the fact that compensatory damages could be allowed for such defect Smyth v. Starges, 108 N. Y., 495; 13 N. Y. State Rep., 801.
The same rule will apply to the suggestion that the title is bad for the reason that there is a right of way in favor of the public along the westerly and southerly sides of the premises, if any such claim existed. We think, however, that the trial judge was right in holding that no such claim existed.
The court below in its opinion has discussed this question fully, and we concur in the views therein expressed.
The land described in the contract was by streets and avenues, and as being the “ same lands and premises purchased by me of Mrs. Ida Corwin,” and how there could be failure of title as to quantity without showing that some party other than Mrs. Keating owned a portion of that lot, cannot be readily seen. The fact that the fence had been set upon the lot, or that telegraph poles had been set thereon, without showing that some person claimed some right or title to the land, was immaterial.
*1116 We are forced to the conclusion that the defense was without merit, and that the judgment must be affirmed, with costs.
Barnard, P. J., and Dykman, J., concur.