### BONNET *et al. v.* BABBAGE.

*(Supreme Court, Special Term, Monroe County.   June, 1892.)*

SPECIFIC PERFORMANCE—LAND SUBJECT TO DOWER.
>    Where a husband contracts to convey land, and his wife declines to join in the deed, the court will not decree specific performance by the husband on payment to him of the price, less the value of his wife's inchoate dower interest, or with one third of the price secured by mortgage on the property, and payable after the wife's death; but the purchaser must pay the agreed price, and take the land subject to the wife's dower right, or he will be left to his legal remedy for damages.

Action by Andrew C. Bonnet and George Landt against Simon Babbage to compel specific performance of a contract to convey land.   Judgment for defendant.

*Raines Bros.,* for plaintiffs.   *Hubbell & McGuire,* for defendant.

DAVY, J.   The principal question which arises in this case is whether the defendant should be required to perform the contract referred to in the complaint, as far as he is able, with an allowance to the plaintiffs out of the purchase money for the value of the inchoate right of dower belonging to the defendant's wife.   It is an elementary rule of law that courts of equity will not specifically enforce any contract unless it be complete and certain.   It has been held, but not in this state, that where the wife did not sign the land contract with her husband and she refused to join in the deed, that the purchaser might obtain a decree for partial performance with an abatement from the purchase price of the wife's inchoate dower interest, which might be arrived at by directing a portion of the price to be retained by the vendee secured by mortgage, and to be paid on the death of the wife, or the extinguishment of

her dower interest. The above rule in many cases would be a harsh one, and would work great injustice, for the reason that the wife's inchoate dower is such an uncertain and contingent interest depending upon her surviving her husband, as well as her duration of life after his death, that no abatement could be arrived at that would be just and equitable to both parties. Where a person enters into a contract, the execution of which depends upon the voluntary consent of a third person, which is refused, and where the court has no legal means of compelling it to be given, a specific performance of the contract then becomes an impossibility. In such cases courts of equity usually leave the parties to their legal remedy. It was the ancient practice of courts, where the husband had made a contract similar to the one in question, and the wife refused to release her inchoate right of dower, to imprison him until he procured her consent. But that practice has long since yielded to a more humane rule of law, and the punishment now, if any, is in the nature of damages for nonfulfillment of the contract. It was held in the case of *Roos* v. *Lockwood,* (Sup.) 13 N. Y. Supp. 128, that where the owner of real estate executes a written agreement to give a deed thereof, which his wife did not sign, and she refused to join in the deed, that it was not proper to decree a specific performance of the contract, either deducting from the purchase price the actual cash value of such dower interest, or leaving one third of the purchase money on mortgage at 5 per cent. interest, payable only after the wife's death, as an indemnity against the wife's right of dower. The same rule was adopted in *Talbot* v. *Adams,* 12 N. Y. Wkly. Dig. 410. In the case of *Sternberger* v. *McGovern,* 56 N. Y. 19, GROVER, J., in discussing the power of courts of equity to enforce specific performance of contracts, says: "I have not found any case in this state in which it has been determined in an action for specific performance that a purchaser may compel a vendor unable to procure his wife to release her dower to convey subject to such right, and abate from the price such sum as the court determines was its value." *Dixon* v. *Rice,* 16 Hun, 422; *Martin* v. *Colby,* 42 Hun, 7. I am of the opinion that it must now be considered the settled law of this state that a court of equity will not compel specific performance of a contract made by the husband to convey land, where it is necessary that the wife join in the conveyance, and she refuses. It is the duty of a person who makes a contract with a married man for the purchase of real estate to see to it that the wife execute the contract, and that the title is such that specific performance may be enforced. If he neglects to do so, and relies upon the agreement and representations of the vendor, knowing that there are outstanding liens and incumbrances upon the property which the vendor may not be able to control, he cannot, under such circumstances, come into a court of equity, and ask the court to make and enforce a different contract than the one entered into. The plaintiffs knew that the defendant was a married man when they executed the contract. They knew that the defendant's wife had an inchoate dower interest in the farm, and that she could not be compelled by this court to release it unless she signed the contract. The plaintiffs, having entered into the contract with such knowledge, took the risk of the wife's joining in the deed, and they are not entitled to ask anything more than the husband himself can give; and if they are not satisfied with that, then they must resort to their legal remedy for damages. The most that can be required of the defendant in this action is to convey the farm to the plaintiffs free from all liens and incumbrances except the inchoate dower interest of the defendant's wife, and if the plaintiffs accept the deed they must take it subject to such dower interest, and pay the stipulated contract price for the farm; and they must account to the defendant for the use, rents, income, and profits of the house and lot on North street, and damage to it, if any, including the use of the $2,000, which was to have been paid to the defendant at the time mentioned in the contract; and the defendant must account to the plaintiffs for the use, rents, income, and

profits of the farm, and damage to it, if any, and a reference may be had for that purpose. If the plaintiffs elect not to accept such a deed, then they may move at special term to amend their complaint so as to make their action available to recover damages; or they may discontinue this action, without costs or prejudice, to bring another action for damages. *Cranston* v. *Wheeler*, 37 Hun, 83; *Murtha* v. *Curley*, 12 Abb. N. C. 12; *Price* v. *Palmer*, 23 Hun, 504. The plaintiffs must notify the defendant's attorneys within 10 days from the date of the filing of the decision herein which course they elect to pursue.