GERMAN-AMERICAN REAL-ESTATE TITLE GUARANTEE CO. v.
MEYERS et al.

(Supreme Court, Appellate Division, Second Department.   June 14, 1898.)

1. EMINENT DOMAIN—COMPENSATION—DUE PROCESS OF LAW.
   An act providing that if, after the filing of proposed plans to be prepared by commissioners, any buildings are erected on the lines of streets as laid out thereon, no compensation shall be paid to the owner therefor on the opening of the street, is unconstitutional, and therefore the action of the commissioners creates no incumbrance.

2. MORTGAGES—FORECLOSURE SALE—RIGHTS OF PURCHASER.
   If a purchaser at a foreclosure sale, who buys merely a certain plot of ground with the structures that are on it, can get a good title to the land purchased, and the right to maintain the structures on it as they existed at the time of his purchase, he gets all he bargained for.

3. SAME—LATERAL SUPPORT.
   If, at the time of the execution of a mortgage, the mortgagor owns not only the premises affected, but also adjoining lands, upon which the wall of a building on the mortgaged premises encroaches, a purchaser at the foreclosure sale thereby acquires a right to the continuance of the support thus afforded.

Appeal from special term.

Action by the German-American Real-Estate Title Guarantee Company against Mary E. Meyers and others to foreclose a mortgage. A sale was made to the Collins Building & Construction Company,

and, from an order directing it to complete the purchase, it appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles S. Bloomfield, for appellant.
Charles Ruston, for respondent.

CULLEN, J. The appellant declined to carry out its purchase on the ground that the sheriff's deed would not convey a good title to the premises sold. The property was sold by the following description:

"All that certain lot, piece, or parcel of land, with the buildings and improvements therein erected, situated, lying, and being in the city of Brooklyn, county of Kings, and state of New York, bounded and described as follows, to wit: Beginning at a point on the westerly side of Richmond street distant 133 feet 9 inches southerly from the southwesterly corner of Richmond and Fulton streets; running thence westerly, on a line at right angles with Richmond street, 87 feet; thence southerly, and parallel with Richmond street, 107 feet, to the northerly line of lot number 464, on a map entitled 'Map of the Rapalje Property on the Brooklyn and Jamaica Railroad and Turnpike," made by Martin O. Johnson, and filed in the office of the register of Kings county; thence easterly, and again on a line at right angles with Richmond street, and along said northerly line of lot No. 464, 87 feet, to the westerly side of Richmond street; and thence northerly, along the westerly side of Richmond street, 107 feet, to the point or place of beginning."

On this property are six houses, inclosed, but the construction of which is not entirely completed.

The first objection is that 17 feet of the southerly lot of the premises is included in Force Tube avenue, as designated by the commissioners appointed under chapter 670 of the Laws of 1869, to lay out a plan for roads and streets in the towns of Kings county. The avenue was originally laid out by the owners of a large tract of land, which included the premises in question. When the commissioners laid out the county towns, they retained this avenue as a street on the permanent plan for the improvement of those towns, but increased its width. No steps have been taken to open the avenue as widened, or to condemn the land required for the widening. The act of 1869 provides that:

"If any buildings shall be erected on the line of any avenue or street, as laid out on said plan after the filing of said map, no compensation shall be paid to the owner thereof on the opening of said street." Laws 1869, c. 670, § 5.

This provision is unconstitutional and void, and the action of the commissioners in laying out the street created no incumbrance on the land. In re Rogers Ave., 29 Abb. N. C. 361; Forster v. Scott, 136 N. Y. 677, 32 N. E. 976. In several of the deeds found in the mortgagor's chain of title, the premises are bounded by Force Tube avenue, or by its side. If there were but one Force Tube avenue, this reference to it in the conveyances might constitute a dedication of any land of the grantors lying within its limits. But the dimensions given in the deed show plainly that reference was made to Force Tube avenue as originally laid out by the property owners, not as defined by the commissioners. This objection is therefore not well taken.

The second objection is that the dimensions of the premises on the southerly line are only 82 feet, instead of 87.  In the conveyance to the mortgagor this line is described as follows:  "Thence, along the northeasterly side of Force Tube avenue, 150 feet, to the lot No. 464; and thence again easterly, along said last-mentioned lot, 82 feet, more or less, to Richmond street."  From this description the presumption is that the line is but 82 feet in length.  As it runs between two fixed monuments,—Force Tube avenue and Richmond street,—it is undoubtedly true that it carries all the land between those two streets, even though the distance be in excess of 82 feet. The counsel for the respondent, in his brief, asserts that the distance is actually 87 feet; but I cannot find a positive allegation to that effect in the record.  The nearest approximation to proof on that subject is a diagram or survey introduced in evidence, in which it appears that there is a distance of 87 feet from Richmond street to an oblique line in the rear; but there is nothing on the map to show that that oblique line is the line of Force Tube avenue, nor does the name of that avenue appear on the map.  Further, there is no evidence in the case to show that in this respect the survey is correct.

The third objection is that the northerly wall of the northerly building on the premises stands, not on the premises, but on land to the north.  The surveyors of the parties differed in their testimony on this question.  The wall is but four inches in width.  The purchaser's surveyors claimed that the wall was four and a half inches off the line.  The plaintiff's surveyors claimed that the center line of the wall was one inch off at the front of the house, and one-half inch south at the rear; and so the referee, to whom the court referred the matter, found.  I doubt if this discrepancy between the surveys is very material.  However, the question is settled in favor of the plaintiff.  By the terms of sale, the purchaser did not buy any particular buildings or structures, but a certain plot of land with the structures that were on it.  Therefore, if he can get a good title to the land purchased, and the right to maintain the structures on it as they existed at the time of his purchase, he gets all he bargained for.  The case falls within that of Hendricks v. Stark, 37 N. Y. 106, and is to be distinguished from that of Spero v. Shultz, 14 App. Div. 423, 43 N. Y. Supp. 1016, where the contract was for the sale of a specific house and lot.  By the plaintiff's survey, however, it appears that only one inch of the northerly wall stands on the premises,—an extent, of course, insufficient to maintain the structure.  If this was a party wall, the purchaser would have a right to the support of the whole wall; and, under the view I have expressed as to the construction of his agreement to purchase, he would have no ground for complaint.  But nothing of the kind appears in the record before us.  It is stated in the brief of the respondent that the mortgagor was at the time of the execution of the mortgage the owner of both the mortgaged premises and the premises adjoining on the north, and that she erected the buildings.  If these are the facts, the wall was a party wall; or, even if it stood entirely off the line, the purchaser at the sale in this action would have the right

to its support for his buildings, and the whole difficulty would be cured. Rogers v. Sinsheimer, 50 N. Y. 646. But here, again, I cannot find in the record any proof of those facts. It may be they were conceded on the argument at special term, but this we cannot assume. The order appealed from must therefore be reversed, but the matter should be remitted to the special term for further proofs; so that the plaintiff, if he can, may substantiate his statements as to the ownership of the property, the construction of the buildings, and the actual distance between Force Tube avenue, as laid out by the property owners, and Richmond street. The amount paid the surveyors for expert testimony and maps was improperly allowed as disbursements in the proceeding.

Order appealed from reversed, and a further hearing ordered before the special term, with $10 costs and disbursements to the appellant. All concur.