EMMA MERGES, Plaintiff, *v.* MARY RINGLER and Others, Respondents.

JACOB F. OPPERMANN, by J. ASPINWALL HODGE, JR., his Guardian ad Litem, Plaintiff, *v.* PHILLIPINE OPPERMANN and Others, Defendants.

ROBERT J. KING, JR., Purchaser, Appellant.

*Judicial sale — objections to the title — a variation of one-half inch in 141 feet — encroachment of buildings upon adjoining land, and upon the street.*

On an application by a purchaser at a judicial sale to be relieved from his purchase, a variation of a half inch in a distance of 141 feet does not constitute a substantial defect, where it is not disputed but that the purchaser will obtain a good title to all property included within the boundaries as described in the advertisement of sale.

The fact that buildings on abutting property encroach one-half inch upon the lot purchased, does not justify the purchaser in objecting to the title, where there is no evidence that the encroachment actually impairs, to any extent, the value of the property.

The mere fact that some unimportant buildings on the premises sold encroach, to a small extent, upon adjacent premises, does not entitle the party making the purchase to be relieved therefrom, where his right to use the adjacent land for the support of the walls of such buildings is established by adverse pos-

session, and where he has obtained all of the property that he had any reason to suppose that he was to acquire by the purchase.

Where buildings upon the property purchased, which is situated in the city of New York, have encroached for many years, in their present condition, upon a street without objection on the part of the municipal authorities to the continuance of the encroachment, and the extent of the encroachment is such that it is not probable that such an objection will be taken, and it appears that the city, under statutory provision (Chap. 410 of the Laws of 1882, as amended by chap. 610 of the Laws of 1895), would not be allowed to remove the wall, an objection to the title, based upon such encroachment, will not be sustained.

APPEAL by the purchaser, Robert J. King, Jr., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of August, 1898, denying his motion to be relieved from his purchase made at a sale had under judgments in the above-entitled actions.

The first above-entitled action was brought for the partition of certain real estate of which Frederick Oppermann, Jr., died seized. Before judgment was entered in the first above-entitled action, the second above-entitled action was brought to enjoin the executors of Frederick Oppermann, Jr., deceased, from disposing of the personal property of his estate, separate and apart from the real property. After the entry of the judgment of partition and sale, judgment, in favor of the plaintiff, was rendered in the second above-entitled action, whereby it was directed that the personal property of said Frederick Oppermann, Jr., should be sold in one parcel with the property sought to be partitioned in the first above-entitled action, and at the sale had in pursuance of such direction the appellant, Robert J. King, Jr., purchased the entire property.

*Elihu Root,* for the appellant.

*Lorenz Zeller,* for the respondents Mary Ringler and others.

*J. Aspinwall Hodge, Jr.,* guardian *ad litem,* for the respondent Jacob F. Oppermann.

INGRAHAM, J.:

A purchaser at a sale made under a judicial decree is entitled to all property and title which the referee undertook to sell and which he rightfully supposed he was to receive; but "a purchaser upon

such a sale will not be relieved on account of defects in the property or the title thereto, of which he had notice, and in reference to which he made his bid, and the court will not permit him to abandon his contract without seeing that the object of the purchase is defeated and that he would be injured by the enforcement of the contract. If every minute and critical objection to a judicial sale is suffered to prevail, it will be attended with much inconvenience and embarrassment. A purchaser claiming to be discharged from his contract should, therefore, make out a fair and plain case for relief; and it is not every defect in the subject sold or variation from the description that will avail him. He will not be suffered to speculate at such sales, and, if he happens to make a bad bargain, to repudiate it and abandon his purchase on some nice but immaterial objection. If he gets substantially what he bargains for he must complete the purchase and take his deed; and, in some cases, the court will compel him to take a compensation for any deficiency. The court will weigh the object and inducement of the purchaser, and, looking to the merits and substantial justice of each particular case, if the sale be fair, relieve or not from the purchase, according as the character of the transaction and circumstances may appear to require." (*Riggs* v. *Pursell*, 66 N. Y. 198.) This rule was not at all questioned on the subsequent appeal to the Court of Appeals in the same case, reported in 74 New York, 370; and we are to examine the objections taken by the purchaser to the title and ascertain whether within this rule they are substantial, and whether the appellant has made it appear that on completing the purchase he will not obtain all the property which the referee undertook to sell or he rightfully supposed he was to receive.

The objections of the purchaser may be divided into three classes: *First*, encroachment upon adjoining premises by the buildings erected upon the premises sold; *second*, encroachment upon the premises sold by buildings on adjoining premises; and, *third*, encroachments of buildings on the premises sold upon the street abutting in front of such premises. The premises described in the advertisement of sale consisted of three separate parcels of land, fronting upon Forty-fourth and Forty-fifth streets, in the city of New York, west of First avenue. The most northerly piece of

property abuts upon the northerly side of Forty-fifth street, with a frontage of 159 feet upon the street, and running back 100 feet and 5 inches to the center line of the block between Forty-fifth and Forty-sixth streets. The piece of property between Forty-fourth and Forty-fifth streets consists of a piece of ground, with frontage of 150 feet upon each of the streets, running from street to street; and the parcel of land situated on the south side of Forty-fourth street consists of a plot of land 125 feet upon the street, and 100 feet and 5 inches in depth. Upon these various parcels of land are erected buildings which had been used as a brewery and stables, and also a building that had been leased. The purchaser claimed, and introduced evidence of surveyors tending to show, that certain buildings upon the premises in question encroached upon the adjacent premises; that certain buildings upon adjacent premises encroached upon the property sold; that certain of the buildings fronting on the street encroached upon the street, and, in consequence of such encroachments, asks to be relieved of his purchase.

The first question to be determined is, whether or not such encroachments were a substantial injury to the property. It is quite apparent that an encroachment might be so insignificant that no injury could result. The property was sold by metes and bounds, and it is not claimed but that the purchaser will obtain a good title to all of the property included within the boundaries specified in the advertisement of sale. But he claims that, because of such encroachments, he will not receive a good title to the buildings on the property purchased. It appeared from the affidavit of the surveyor, presented by the purchaser, that the building on the property on the west of the plot on the north side of Forty-fifth street encroaches one-half inch upon the plot purchased the whole length of the wall, a distance about sixty-three feet. There is also a claim that, upon the westerly line of the plot fronting upon the northerly side of Forty-fourth street, the building of the owner adjoining on the west encroaches one-half inch upon the plot purchased for a distance of about twenty-five feet, the encroachment of one-half an inch continuing nine and one-half feet, and then gradually wearing down to nothing at a point on the northerly side of Forty-fourth street. The existence of these encroachments is quite doubtful, even to the extent claimed by the purchaser. Other surveys show that the encroachment

is much less, some showing that it does not exist at all, while other surveyors testify that it is one-half inch in front, but correct in the rear. Considering the size of the land and the uncertainty of making any measurement of this distance within a half inch, this encroachment, if it existed, must, I think, be considered to be so small as not to be a substantial objection to the purchase. The bounds of the property, as described in the advertisement of sale, were to commence on the northerly side of Forty-fifth street, distant 141 feet westerly upon the northwest corner of Forty-fifth street and First avenue. A variation of a half inch in that distance would be so small that it is quite clear it would have no appreciable effect upon the value of the property, and the same may be said about the encroachment upon the plot on the south side of Forty-fourth street. There seems to be some dispute among the surveyors as to whether or not this building encroaches upon the premises sold; but the encroachment, if it exists, is so small, and evidently is not of substance, considering the size of the land; and there was no evidence that these encroachments, if they existed, did actually impair to any extent the value of the property.

Great stress is laid, however, upon the encroachment of buildings on the property purchased upon adjacent property and upon the street. In considering these encroachments, and in determining whether or not they are substantial injuries to the property sold, we must bear in mind the character of the buildings, the purposes to which they were put, and the possibility of the purchaser being interfered with in the possession of these buildings as they existed at the time of the purchase. In determining questions of this character, each case must be determined upon the facts presented. No hard and fast rule can be laid down that one inch or two inches of encroachment, irrespective of the nature of the building and the effect of such encroachment upon the value of the property, will be sufficient to justify the court in relieving a purchaser of his purchase. The cases cited in which the court has relieved a purchaser, where an encroachment of an inch and a half or two inches has existed, are cases where a substantial permanent building had been erected upon the property which encroached upon property other than that of the vendor, or where the encroachment was upon the property which the vendor had agreed to sell, and where the court could see

from the evidence that, in consequence of such encroachment, the owner was subject to an attack by the owner of the adjacent property, so that the purchaser might be put to the burden and expense of defending a lawsuit or removing his wall, which would be a substantial injury to his property. But they were disposed of upon the particular facts in each case. Where, however, from the facts appearing upon the application, it is reasonably certain that injury to the purchaser could not follow, and that no successful attack could be made which would prevent him from using the buildings in the condition in which they were at the time of the purchase, the court would not be justified in relieving a purchaser. Where a building encroaches upon adjacent property, the premises having been sold by metes and bounds, the purchaser is not entitled to a good title to the property upon which his building encroaches. He is entitled to the property purchased, and also to the buildings upon the property and the right to use them as they are situated at the time of the purchase; but the mere fact that some unimportant buildings encroach to a small extent upon adjacent premises when, from the facts and circumstances disclosed, it is certain that no attack can be made upon the right of the purchaser to use the buildings as they existed at the time of the purchase, as long as he may desire to use them, he certainly obtains all of the property that he had any reason to suppose he was to acquire by the purchase.

An examination of the record in this case has satisfied us that these alleged encroachments, the extent of which is seriously disputed by witnesses who had made surveys of the premises, are not substantial injuries to the property purchased. Most of the buildings which encroach upon the adjacent premises are old buildings that have been in use many years, and it would seem from the evidence produced by the respondents that the purchaser has acquired the right to use the adjacent lands for the support of his walls by implied grant or adverse possession. The question here is, not whether he has acquired a good title to the land upon which his walls are built, but whether, by reason of such adverse possession, he has acquired a right to have the walls remain in the condition they are for the support of his buildings so long as the buildings shall stand upon the property. Whether or not, in any case a purchaser should be compelled to accept a title based only upon the adverse possession, it is not

necessary for us to determine on this appeal. No portion of this property is claimed by adverse possession. The premises purchased by the appellant which are included within the dimensions given in the advertisement of sale will be assured to him by the conveyance, and in addition he will acquire by the conveyance a right to have a few inches of certain of the walls of the buildings upon the premises supported by the adjacent lands. In none of these buildings does it appear, as it did in the case of *Spero* v. *Shultz* (14 App. Div. 424), that the entire wall was upon the land of another, and, as was said by CULLEN, J., in the case of *German-American Real Estate Co.* v. *Meyers* (32 App. Div. 41) : " By the terms of sale the purchaser did not buy any particular buildings or structures, but a certain plot of land with the structures that were on it. Therefore, if he can get a good title to the land purchased, and the right to maintain the structures on it as they existed at the time of his purchase, he gets all he bargained for." I think the evidence submitted in this case shows that the purchaser will get such a title. It appears affirmatively that all of the parties owning the adjacent premises on the west of plot 4 of the land in question were of full age, and not under a disability, so that the statute will run as against them, and it appears with reasonable certainty that this purchaser will get the property that he purchased together with the right to use the buildings thereon in the condition which they are in at present and as long as he desires.

As to the encroachments upon the street, it is quite apparent that they are not a substantial objection to the property. These buildings have been there for many years in their present condition. There has been no objection by the municipal authorities to their continuance, and the extent of the encroachment is such that it is not probable that such an objection will be now taken; but whatever objection the city could make, it is quite apparent that under chapter 410 of the Laws of 1882 (§ 471), as amended by chapter 610 of the Laws of 1896, the city would not be allowed to remove the wall, and we do not, therefore, think that the objection is substantial. On the whole case we are satisfied that the objections taken by the purchaser are not such as will justify the court in relieving him from his purchase.

Certain provisions were inserted in the order to protect the purchaser from any possible expense or injury on account of these

encroachments. No appeal by the respondent is taken from that portion of the order, and it is quite apparent that if there should be any incidental expense to which the appellant could be put in consequence of any of these encroachments, they will be met by the fund provided for·by this order, and as this order stands .the appellant is entirely protected.

Upon the whole case we think the order appealed from is right and should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

BARRETT, J. (concurring):

I concur in the affirmance of the order. The encroachments were insignificant, and, under all the circumstances, did not furnish ground for rejecting the title.. The case is an extraordinary one in many respects — by reason of the size and nature of the property; the knowledge of the real purchasers of its exact condition, and the satisfactory evidence of adverse possession. Every such case must depend more or less upon its own particular facts, and it cannot be said here that reasonable doubt was thrown upon the title. In fact the attitude of the respondents appeals much more strongly to a court of equity than that of the appellant. The title being free from reasonable doubt, it was proper for the court to allow compensation for the material defects which appeared, and to appoint a referee to determine the amount which should be awarded. This course was adopted in at least one case in this State (*King* v. *Bardeau*, 6 Johns. Ch. 38, 44), and there are numerous other cases containing dicta that a purchaser may be forced to accept compensation as an indemnity against·trivial defects (*Smyth* v. *Sturges*, 108 N. Y. 498; *Winne* v. *Reynolds*, 6 Paige, 407; *Keating* v. *Gunther*, 10 N. Y. Supp. 734). The cases cited to the contrary are not in point. (*Sternberger* v. *McGovern*, 56 N. Y. 12; *Martin* v. *Colby*, 42 Hun, 1; *Bonnet* v. *Babbage*, 19 N. Y. Supp. 934; *Sabriski* v. *Veloski*, 25 Abb. N. C. 185.) These cases hold that, in the case of a contract for the exchange of real property, if one of the parties is unable to perform in full, he will not be forced to convey what he has and pay damages for the balance of the property, and that if the vendor in a.contract of sale cannot obtain a conveyance of his wife's right

of dower, the vendee may not insist upon a conveyance of the vendor's own interest and damages for the failure to perform in full.

In all of these cases there was a substantial breach of the contract which would have justified the vendee in rescinding it. The vendor had forfeited all rights under the contract, and the sole question related to the measure of relief which the vendee might obtain. But here the vendors have not forfeited their rights. The defects are not of sufficient substance to justify a rejection of the title, and the court is practically enforcing the agreement in the vendors' favor. There is no authority holding that in such a case equity may not do full justice by awarding compensation for immaterial defects. The sum reserved is large, but not in proportion to the value of the property; and it is not awarded to the appellant, but simply set apart as a fund out of which to pay him what, if anything, the referee shall find to be reasonable.

RUMSEY and MCLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.