### NEHER v. BRUCKNER.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

CONTRACTS—PERFORMANCE—MARKETABLE TITLE.

　　A contract to purchase a lot, with the buildings and improvements thereon, will not be enforced, where the building has but three walls; the beams being inserted on the fourth side in a wall on an adjoining lot, and no right of support on that wall being shown.

Appeal from special term, New York county.

Action by George Neher against Peter Bruckner. There was a judgment for plaintiff, and defendant appeals. Affirmed.

The appellant agreed, in writing, to sell to the respondent a lot of land, with "the buildings and improvements now thereon," in the city of New York, "being in dimensions 25 feet on both the front and rear, by 98 feet and 9 inches on both easterly and westerly sides, be the said several sizes and distances and dimensions more or less"; the same to be conveyed by "a proper deed, with full covenants for the conveying and assuring the fee simple of the said premises free from all incumbrances and lis pendens." The respondent refused to take title, and brought suit to recover the amount he had paid on signing the contract, and his expenses in making searches, etc., on the ground that appellant was "unable to convey the fee simple of the premises free from all incumbrances." The court found that appellant did not have a marketable title, because the building (a four-story brick) had no westerly walls, the beams thereof being inserted in the wall of the house adjoining on the west. An offer to prove that the building was 45 years old, for which time it had been standing in its present position, was overruled. Appellant testified that he had owned the building since 1893, and no adverse claim had ever been made against him.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Robert E. Deyo, for appellant.
Louis Wendel, Jr., for respondent.

RUMSEY, J. Unless the case can be distinguished from Spero v. Shultz, 14 App. Div. 423, 43 N. Y. Supp. 1016, the decision of the trial term was undoubtedly correct. That was an action brought for specific performance of a contract for the exchange of real property. The defendant objected that the house which the plaintiff agreed to convey had no wall on its westerly side, but the beams of the house were inserted in the wall of a building upon an adjoining lot, and depended upon that wall for support. This was not disputed. It appeared that the house had been erected for upwards of 30 years, and during all that time the beams had been supported in the same way. The wall in which the beams were inserted was not upon the lot which the plaintiff agreed to sell, nor was there any title in the plaintiff to the wall, or any agreement, written or oral, for its use. All that was shown by the plaintiff was that the beams had been there for more than 30 years, but the circumstances under which they were originally put there did not appear. The complaint was dismissed, and the judgment dismissing the complaint was affirmed in this court; it being held that the fact that the beams of the plaintiff's building were in-

serted in the wall of an adjoining owner did not raise an inference that the plaintiff had acquired by adverse possession any right to such support. The inference was, in the absence of proof, that it was done by the permission or acquiescence of the adjoining owner, and, unless some right was proved, the title tendered was not marketable, and the plaintiff could not have specific performance. That case was discussed subsequently in Guarantee Co. v. Meyers, 32 App. Div. 41, 52 N. Y. Supp. 449, which was an appeal from an order requiring the purchaser at a foreclosure sale to complete his purchase. The property, which had been sold upon foreclosure, was described as a certain lot of land, with the buildings and improvements thereon. It appeared in that case that the wall of one of the buildings stood upon the land of an adjoining owner, but in spite of that the court at special term made an order requiring the purchaser to complete his purchase. This order was reversed in the appellate division; the court holding that the purchaser was entitled to a good title to the land purchased, and the right to maintain the structures on the land as existing at the time of the purchase, but that until it appeared that the wall was a party wall, or that the owner of the house had acquired in some way the right of support for his building upon that wall, the purchaser could not be compelled to take the property; and because of the absence of that proof the order was reversed. So far from being opposed to the case of Spero v. Shultz, it is precisely in line with it, and the two decisions are in exact accord.

Upon the authority of these two cases, therefore, the judgment must be affirmed, with costs. All concur.