UEBELACKER v. UEBELACKER et al.

(Supreme Court, Special Term, New York County. October 12, 1908.)

1. PARTITION—SALE—RIGHT TO RELIEF FROM BID—DEFICIENCY.
    The purchaser at partition sale may not be relieved from his bid, but may only have an allowance for the deficiency, where the lot is advertised as 102 feet 5 inches deep, and title fails as to 7 inches at the rear.

2. SAME—ENCROACHMENTS.
    The encroachment, at the time of a partition sale, of wooden steps of adjoining buildings on the lot sold, having been removed, will not relieve the purchaser from his bid.

3. SAME—LIEN OF TAXES.
    The lien of taxes on part of a lot as advertised for partition sale will not relieve the purchaser from his bid; title failing as to such part, and he being made an allowance therefor, so that it will not be included in the deed.

Action by Henry Uebelacker against Charles Uebelacker and others. Motion is made by the purchaser at partition sale to be relieved of his purchase. Motion denied.

Motion to compel purchaser to complete his purchase of the premises known as No. 460 West 165th street, borough of Manhattan, city of New York, sold under a judgment of partition and sale on the 23d day of April, 1908, and knocked down to the purchaser, Edward F. Maloney, Esq., for the sum of $9,000. The purchaser refused to take title, and asked to be relieved of his purchase upon the following grounds: (1) That the referee had title to and can convey only 101 feet 10 inches south of 165th street. (2) That the referee has no title to any land south of a line drawn parallel with 164th street, and 104 feet northerly therefrom. (3) That the property as described in the judgment of partition, and as advertised for sale, extends on the easterly line 102 feet 4⅝ inches southerly from 165th street, and thence westerly 50 feet. That such a description overlaps on the south on tax lots Nos. 34 and 35, block No. 2,111, section 8, and that, in addition to the taxes upon lot No. 22 in the said block and section taxes and assessments aggregating $1,142.02 are liens on the property described in the judgment and advertisement of sale. (4) That the steps of the building adjoining on the south encroach upon premises sought to be conveyed 4 feet 9¼ inches. (5) That the cellar steps of the building adjoining on the south encroach upon the premises sought to be conveyed 1 foot 6 inches.

Francis W. Pollock, for the motion.
I. N. Williams, opposed.

GIEGERICH, J. As the lot in question is more than 100 feet in depth, even after taking off the strip a few inches in width at the extreme rear, the title to which has failed, the loss of such strip is of very small consequence according to the affidavits submitted. Under such circumstances the purchaser should not be relieved of his bid, but should be required to take the property with compensation for the deficiency. Riggs v. Pursell, 66 N. Y. 193, 199; Kelly v. Brower, 55 Hun, 606, 7 N. Y. Supp. 752; Merges v. Ringler, 34 App. Div. 415, 417, 422, 54 N. Y. Supp. 280. It is not disputed that $25 would be the measure of such compensation under the Hoffman rule; but, if the parties cannot agree upon the amount of the compensation, a reference may be had to determine the same. King v. Bardeau, 6 Johns. Ch. 38, 45, 10 Am. Dec. 312; Merges v. Ringler, supra. The slight encroachments of wooden steps of adjacent buildings have been removed since the sale. So far as the lien of unpaid taxes said to be due on the lots in the rear is concerned, those taxes would be no lien in any event, except upon the strip in question, and as compensation is to be made for that strip the referee's deed will not include it.

The motion of the purchaser to be relieved from his bid should therefore be denied, with $10 costs.