(67 Misc. Rep. 657.)

### SAUTER v. FRANK.

(Supreme Court, Special Term, New York County. May, 1910.)

VENDOR AND PURCHASER (§ 165*)—DEFICIENCY IN QUANTITY—RIGHTS OF VENDEE.

Vendee is not excused from the performance of a contract for purchase of realty consisting of a building situated on a lot 20 feet wide and 62 feet deep because the wall of an adjoining owner encroaches between 4 and 5 inches on the rear of the lot, but compensation should be made to the purchaser for the deficiency out of the purchase price.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 329; Dec. Dig. § 165.*]

Action by William Sauter against Christian Frank for specific performance. Judgment for defendant.

Appell & Taylor, for plaintiff.
Delany & St. John, for defendant.

O'GORMAN, J. The plaintiff rejected title on the ground that the wall of an adjoining owner encroaches 4½ to 4¾ inches on the rear of defendant's lot, and he sues to recover the installment paid on account of the purchase and to have the amount adjudged a lien upon the premises. The defendant counterclaims· and prays for specific performance, with an abatement to the vendee for the deficiency.

The premises agreed to be purchased are situated on the west side of Ninth avenue, 20 feet 5 inches north of Forty-Second street, in the

borough of Manhattan. They consist of a lot 20 feet wide and 62 feet in depth, with an old 4-story brick tenement erected thereon. The purchase price of $53,000 was intended to embrace the good will and chattels of a retail liquor business conducted by the defendant in the store upon the premises. While it is a familiar principle in a case of deficiency in the quantity of land agreed to be sold that the vendee may seek specific performance with an abatement in the price for the deficiency, the doctrine is also well established, although less frequently invoked, that a vendee may be compelled to perform and accept compensation as an indemnity against defects which are of small importance and not material to the purchaser's enjoyment of the property. Merges v. Ringler, 34 App. Div. 422, 54 N. Y. Supp. 280; Foley v. Crow, 37 Md. 60; Bispham's Equity (8th Ed.) § 839; 2 Kent, 475. The rule is stated in Bispham's Principles of Equity, § 389, as follows:

"It is settled that immaterial deficiencies will not deprive the vendor of his right to have the contract performed as against the vendee, provided that the deficiencies are such as may be compensated in money. Under such circumstances the vendee may be compelled to take the property and a suitable deduction will be made in price; but, if the deficiencies are material and important, the vendee will not be compelled to take the property. He is entitled to have what he bargained for, and it would obviously be extremely unjust to force anything upon him which he had not designed or contracted to buy. If there is a failure in that which is an inducement to the purchase, he will not be compelled to take."

It is not pretended that this 4½-inch strip on the extreme rear of the yard was an inducement to the purchaser, or that it is in any conceivable manner essential to the vendee's enjoyment of the property. The value of the premises is diminished, if at all, but in a comparatively slight degree in consequence of the encroachment. A difference of 4 or 5 inches in depth of a city lot is generally of no importance, and rarely, if ever, enters into the negotiations of the parties. Under the undisputed evidence, based upon the value of the lot, $78 will amply compensate for the deficiency, and it would be manifestly inequitable to defeat a $53,000 purchase by a defect so inconsiderable that it can be adequately compensated for by such a small sum. Specific performance is not to be prevented by trivial objections or defects which can be remedied or compensated for, provided the purchaser gets substantially what he contracted for. 26 Am. & Eng. Ency. of Law, 108, 109.

Judgment for the defendant, with an abatement of $78 from the purchase price, with costs.

Judgment accordingly.