Edwin Oliver Harrison and Others, as Executors and Trustees under the Will of Frederica W. Waring, Deceased, Respondents, *v.* Mary W. Platt and Others, Respondents.

In the Matter of the Application of Adolphus Ottenberg, Appellant, to be Relieved of His Purchase.

*Marketable title — encroachment of a building on an adjoining lot and on the street — the objection cured by long-continued occupation.*

A purchaser at a sale in partition of property situate in the city of New York will not be relieved from his purchase because a wall of the building standing upon the lot purchased encroaches upon adjoining land for a space varying in width from one to four inches, where it appears that, for a period of thirty years prior to the sale, the building has been standing in the same position, and that during all that time the title to the adjoining land had been in persons of legal age, who were competent to enforce their legal rights. Nor will such purchaser be relieved from his purchase upon the ground that the wall of the building standing upon the lot purchased encroaches upon a public street for a space variously estimated to be from half an inch to six inches, where there is no proof that the city ever had any title to the land in such street other than that acquired by long-continued use, or that the land alleged to be encroached on was ever used by the public as a part of the street, and where it further appears that during the thirty years immediately preceding such sale the land had been in the possession of the parties to the action and their predecessors in title, and also that the city would be precluded by section 471 of chapter 410 of the Laws of 1882, as amended by chapter 610 of the Laws of 1896, from removing the wall while it remained in its present position.

Appeal by Adolphus Ottenberg, the purchaser at the sale had in the above-entitled action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of July, 1898, denying his motion to be relieved from his purchase.

*Edward J. McGuire*, for the appellant.

*Francis B. Chedsey*, for the respondents.

McLaughlin, J.:

· The appellant at a partition sale purchased, at public auction, certain real estate situate in the city of New York, and agreed to pay therefor $25,100. At the time of the sale he paid, to apply upon

the purchase price, $2,510, and signed a memorandum in which he agreed to pay the balance on the delivery of a deed at a time therein specified. At the time fixed for the delivery of the deed he declined to accept it and refused to pay the balance of the purchase money upon the ground that the title to a portion of the property was defective, and he then demanded a return of the money theretofore paid by him, and the demand having been refused, he applied to the court. The court denied his application, and he has appealed. His claim is, (1) that the northerly wall of the building standing upon the lot purchased encroaches upon adjoining land for a space varying in width from one to four inches, and (2) that the easterly wall of the building encroaches upon Goerck street for a space of six inches. These are the only objections made, and there is no merit in either of them.

As to the first objection, proof was presented upon the motion which conclusively established that the northerly wall of the building referred to had been standing for over thirty years just where it was on the day of the sale, and that during all that time the title to the adjoining land had been in persons of legal age and competent to enforce their legal rights. The affidavit of the present owner of the adjoining land was produced, and was to the effect that she and her immediate predecessor in interest had had title to and possession of the adjoining land for over thirty years, during which time neither she nor her predecessor in interest " have ever had or claimed any possession, right, title or interest in the premises " in question. It was thus made to appear that the line between the two lots had been actually established and located by the respective owners for over thirty years. Where a division line has been thus established and its location acquiesced in by persons of full age, having the ability to enforce their legal rights for such a length of time, it cannot thereafter be questioned. A reasonable or prudent man under such circumstances would not hesitate to take title on that account.

As to the second objection it is equally apparent that it does not constitute a valid objection to the title. From the affidavits of the various surveyors it appeared that the maximum encroachment on Goerck street was variously estimated to be from one-half an inch to six inches. But there was no proof that the city of New York

ever had any title to the land in Goerck street other than that acquired by long-continued use, and there is absolutely no proof that the land alleged to be encroached upon was ever used by the public as a part of the street. On the contrary, it did appear that for at least thirty years immediately preceding the sale such land had not been used for that purpose, but during that time it had been in the possession of the parties to the action and their predecessors in interest. It also appeared that Goerck street, as used by the public, was as wide opposite the building in question as at other points, and that this building had been standing in its present position for upwards of thirty years, during which time no claim had been made by the municipal authorities that it encroached upon the street. This alleged encroachment is at most so slight as to come within the provisions of section 471 of chapter 410 of the Laws of 1882, as amended by chapter 610 of the Laws of 1896, which became a law on the thirteenth of May of that year. This act provides that, "If the front or other exterior wall of any building now standing in said city (of New York) shall extend not more than four inches upon any street, avenue or public place," such wall shall not be removed unless an action or proceeding for that purpose shall be instituted by or in behalf of the mayor, etc., of the city of New York within the period of one year from the passage of the act. Under this statute it is clear that the city could not remove the wall while it remains in its present position. (*Merges* v. *Ringler*, 34 App. Div. 415.)

We think the title was a marketable one, and, therefore, the order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.