## STEVENSON v. FOX.

(Supreme Court, Appellate Division, First Department. May. 5, 1899.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE.

A vendee is justified in refusing acceptance of a conveyance of a lot and building, under a contract warranting a fee-simple title, where the building encroaches one inch on adjacent lots, to which vendor has no title, since such a conveyance would not give a clear title to the building and the lot on which it was situated, to which vendee was entitled under the contract.

2. TITLE BY ADVERSE POSSESSION—ESTOPPEL.

Whether the owners of the adjoining property would be estopped from questioning vendor's right to occupy the property, because their buildings were erected prior to his, and they had practically fixed the boundary, is unavailable, since, if vendor claimed title by adverse possession, the burden was on him to show that it had ripened into title.

Appeal from trial term, New York county.

Action by Charles P. Stevenson against Edwin D. Fox. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

David B. Ogden, for appellant.

Charles W. Zaring, for respondent.

INGRAHAM, J. The parties to this action entered into a contract whereby the defendant agreed to convey to the plaintiff certain real property situate in the city of Buffalo, and the plaintiff agreed to convey to the defendant certain real property situate in the city of Brooklyn. The defendant refused to accept a deed tendered by the plaintiff, conveying the Brooklyn property, upon the ground that the plaintiff's title was not marketable. The plaintiff then commenced this action to recover the damages sustained by reason of a breach of this contract, in that the defendant refused to accept the conveyance of the Brooklyn property tendered to him. The case was tried before the court without a jury. The court found that the plaintiff's title to the Brooklyn property was not a marketable title, and awarded judgment in favor of the defendant. By the contract, the plaintiff was to convey to the defendant "all those certain premises known as Nos. 64, 68, and 70 Seventh avenue, in the city of Brooklyn, being between Lincoln and Berkeley Places, being 100 by 110 feet; being three four-story flats." It was conceded upon the trial that the conveyance tendered by the plaintiff would convey a good title to a piece of land 100 by 110 feet; that the plaintiff rejected the title upon the ground that the buildings erected upon this land encroached upon the land adjoining on the south by one inch, and upon the property adjoining on the north about one-half inch at the rear of the main wall of the building; that the foundation of the building below the surface at that point encroached from two to three inches on the adjoining lot; and that a brick house adjoining this property to be conveyed upon the north encroached about a half inch upon the front of the property which the plaintiff had a contract to convey. These encroachments were proved by the evidence of a sur-

veyor who testified to having made a survey of the premises, describing the monuments from which the survey was made; and this testimony was not contradicted by the plaintiff. The trial court found, from this evidence, that such encroachments existed, and that the defendant was justified in refusing to accept the conveyance tendered. By the contract the plaintiff undertook to convey to the defendant the certain premises known as Nos. 64, 68, and 70 Seventh avenue, in the city of Brooklyn, by a proper warranty deed "for the conveying and assuring, each to the other, the fee simple of the property of each, above described, free from all incumbrances, of any name or nature whatever," except as before specified. The plaintiff undertook to give to the defendant a good title to the premises. He was to convey, not a specific lot of ground, but certain specific premises consisting of these three four-story flats. The deed which he tendered failed to convey these buildings and the land upon which they were erected. Thus, strictly speaking, the plaintiff never did actually tender to the defendant a deed of the property that he contracted to convey, as to a part of the land upon which the buildings were erected the plaintiff did not have, and did not claim to have, the title. A distinction is, therefore, presented between this case and cases in which a certain lot of land was contracted to be conveyed, where it appeared that the vendor had a good title to the lot of land which he contracted to convey, and his conveyance would assure to the vendee a good and indefeasible title to such lot of land; the only objection to the conveyance being the fact that an insignificant portion of the wall of the building upon the land contracted to be conveyed was upon adjoining premises. Here the title of the plaintiff to a portion of the property which he undertook to convey to the defendant failed. This action is not for a specific performance, but to recover damages for breach of contract by the defendant in refusing to accept this conveyance as a compliance with the plaintiff's contract. The question as to the power of a court of equity to decree a specific performance upon such terms as would protect the vendee and assure to him the property which he had contracted to purchase is not presented, the sole question being whether the defendant was justified in refusing to accept the conveyance tendered as a compliance with the contract. In the case of Spero v. Shultz, 14 App. Div. 428, 43 N. Y. Supp. 1020, a majority of the court concurred in the opinion of the presiding justice, where he states the rule to be that, "when a party buys a lot with a building thereon, he is entitled to have the whole of the building upon the lot bought, and not a material portion of it situated upon an adjoining lot." The question whether or not the portion of the property as to which the plaintiff's title failed was material, so as to justify the defendant in refusing to accept the conveyance, was determined in favor of the defendant by the trial court; the court holding that such a defect was material. There was no evidence offered to show that this defect of one inch on one side and one-half inch on the other was not material, or would not affect the value of the property, and we do not think that we would be justified in reversing this determination of the trial judge.

In the case of Stokes v. Johnson, 57 N. Y., 674, which seems to have been an action at law to recover the damages sustained by a failure to comply with a contract for the sale of real property, the court charged the jury:

"If you find this house did stand upon the lot of somebody else to the extent of one and one-half inches, it was a reasonable ground of objection."

It was held that this was no error, the court saying:

· "That the true rule in determining whether the question of materiality is one of law or fact is that, where it depends upon, and is an inference to be drawn from, circumstances,—that is, if under one set of circumstances it would be material, under another not,—it is a question of fact, but where it turns upon the construction of a writing, and no special circumstances would be taken into account, as in this case, it is a question of law, that, from the description of the building as given in the handbill, the defect, if it existed, was necessarily material, and such as seriously to diminish the value of the property; that the test of materiality is, had the falsity of the representation been known, the contract would not have been entered into."

The rule seems to be that the fact that a building upon the premises contracted to be conveyed stood one and one-half inches upon property to which the vendor had no title was a reasonable ground of objection by the vendee to the completion of the contract; and that, in the absence of proof of facts tending to overcome this presumption, a vendee is justified in refusing to accept a conveyance. It is not material for us to determine just what right the owner of the property adjoining would have, as against the owners of this property, to recover the possession ·of the one and one-half inches upon which the building in question is erected. The rule is that "a purchaser is not to be compelled to take property the possession of which he may be compelled to defend by litigation. He should have a title that will enable him to hold his land in peace, and, if he wishes to sell it, be reasonably sure that no flaw or doubt will arise to disturb its market value." Vought v. Williams, 120 N. Y. 257, 24 N. E. 195. And, as was said by Martin, J., in McPherson v. Schade, 149 N. Y. 21, 43 N. E. 528:

"A purchaser ought not to be compelled to take property the possession of which he may be obliged to defend by litigation. He should have a title that will enable him to hold his land free from probable claim by another, and one that if he wishes to sell would be reasonably free from any doubt which would interfere with its market value. If it may be fairly questioned, specific performance will be refused."

It is claimed by the appellant, however, that, as the buildings on the north and south sides of the premises in question were built before the plaintiff's buildings, there had been a practical location of the boundary lines between the plaintiff's premises and the premises adjoining on the north and south, and that, in consequence of that fact, the owners of the adjoining property would be in some way estopped from questioning the right of the plaintiff to occupy the property up to the line thus indicated. This position, however, is answered by the case of Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8, affirmed on the opinion of this court in 157 N. Y. 713, 53 N. E. ——. In that case it appeared that one of the walls of the building which the defendant had contracted to convey encroached

two inches upon the adjoining lot, and the court held that such an encroachment was sufficient to justify the vendee in refusing to accept title. There was a dissent in that case, based upon the ground that there had been a practical location of the boundary line of the lot to be conveyed of upward of 25 years, the building upon the premises to be conveyed having been standing for over that time; but the majority of the court held that a purchaser would not be compelled to take, except upon clear proof that the right to continue the building had been acquired by adverse possession; that, to establish that, it was necessary to show that such possession was intended to be adverse; and, further, that the parties in whom the title to the premises claimed to be held adversely was vested were in such a condition that the statute of limitations ran, and the protection of the statute inured to the benefit of the adverse possessors.

We think, therefore, that this defendant would not have obtained a clear title to the building and the land upon which it was erected, which he was entitled to receive under his contract, and which would enable him to hold the premises without being subjected to litigation; and, as the plaintiff contracted to give such a title, the defendant was justified in refusing to accept the conveyance tendered as a compliance with that contract.

It follows that the judgment should be affirmed, with costs. All concur.