PLACE v. DUDLEY.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. CONTRACTS FOR SALE OF LAND—RESCISSION—DEFICIENCY IN QUANTITY.
    One may refuse to consummate a contract to buy a vacant lot having a
    frontage of 900 inches, on the ground that there is a deficiency of an inch
    and a half by reason of encroachments by an adjoining building.

2. SAME—DAMAGES.
    A vendee can recover only nominal damages for a breach of a contract
    to sell consisting of a slight deficiency in the quantity of land, where the
    vendor was not at fault, but may recover deposit money and expenses as
    special damages.

Action by George W. Place against Henry Dudley. Judgment for
defendant, and plaintiff moves for new trial. Granted.

Argued before PATTERSON, McLAUGHLIN, O'BRIEN, and IN-
GRAHAM, JJ.

B. J. Tinney, for the motion.
G. V. N. Baldwin, opposed.

PATTERSON, J. This action, brought by the assignee of a vendee
against a vendor, is in form to recover damages for an alleged breach

of a contract for the sale of land. The complaint was dismissed on the trial, and exceptions were ordered to be heard in the first instance at the appellate division. Both parties stand upon their strict technical legal rights, and the proofs given by the plaintiff, and the ruling of the court thereon, present but a single question for our consideration. It appears that the defendant and one William Sperb, the plaintiff's assignor, entered into a written contract, by which the former agreed to sell and convey to Sperb, for the sum of $15,500, a certain parcel of land on Fifty-Ninth street, in the city of New York, described as follows:

"Beginning at a point on the northerly line or side of Fifty-Ninth street, distant two hundred and twenty-five feet westerly from the corner formed by the intersection of the westerly side or line of Tenth avenue with the northerly side or line of Fifty-Ninth street; running thence northerly, and parallel with Tenth avenue, one hundred feet and five inches; thence westerly, and parallel with Fifty-Ninth street, seventy-five feet; thence southerly, and parallel with Tenth avenue, one hundred feet and five inches, to the northerly side of Fifty-Ninth street; thence easterly, seventy-five feet, to the place of beginning."

When the contract was executed, the purchaser paid on account the sum of $500. An additional amount of money was to be paid on the delivery of the deed, and a mortgage for a part of the purchase price was to be given back by the purchaser at the same time. The parties stipulated to complete the transaction on a certain day named in the contract, but that time of performance was subsequently extended to a later date. On the agreed day the parties met at the appointed place. The plaintiff tendered so much of the balance of the purchase money as was to be paid in cash, and a bond and mortgage for the remainder, and the defendant tendered a deed conforming to the description contained in the contract. Thereupon the plaintiff declined to accept the deed, on the ground that there was an encroachment on the westerly side of the lot of a wall of an adjoining building, such encroachment being of an inch and a half on the defendant's land. The defendant apparently insisted that the deed tendered was in substantial performance of the contract. The transaction was not completed, and some time afterwards the plaintiff brought this action, seeking to recover back the $500 paid on account of the purchase when the contract was entered into, and also the expenses he had incurred in the examination of the title.

The ground upon which the action is based is, substantially, that the defendant could not give the plaintiff a marketable title to the property, and hence neglected and refused to perform his contract. The defendant in his answer denied that he had neglected or refused to carry out the terms of the contract, and he set up, as a separate defense, that he was ready to perform, and did tender a deed in performance of, the contract; that plaintiff refused to accept the deed or further perform the contract on his part; and he also averred that, by reason of the neglect and refusal of the plaintiff to carry out the contract, he (the defendant) was obliged subsequently to part with the premises at a greatly reduced price, and sustained damage to a large amount, for which he asked judgment by way of counterclaim.

On the trial, the case was disposed of by the court upon the single question of the materiality of the encroachment of the wall of an

inch and a half on the frontage of the lot. It was proven by the testimony of a surveyor that such encroachment existed, and that it extended about three-quarters of the depth of the lot. Upon that proof, the defendant's counsel moved to dismiss the complaint, on the ground that the evidence showed that the encroachment was on a lot of land 75 feet front, the same being vacant land, with a wall on each side of it, and that the encroachment of only an inch and a half was, as matter of law, an entirely immaterial thing, and that it certainly seemed that such a small encroachment upon so large a space of vacant land would be so slight that the court could say that it was immaterial. The court took that view of the case, and, upon the defendant withdrawing his counterclaim, granted the motion to dismiss the complaint.

It will thus be seen that none of the questions are involved here that ordinarily arise in litigations upon contracts of this character. No equitable defense is set up, specific performance is not asked by the defendant, and the subject of compensation for deficiency in quantity does not arise. Both parties were content to have the case determined upon the one question of the materiality of the encroachment as affecting the plaintiff's right to consider the contract at an end, and to recover back his deposit money, with the expenses. In strictness of law, the plaintiff was not bound to complete the purchase. He was entitled to receive just what he had contracted for. He was not obliged to take land any part of which was encroached upon by the buildings of adjoining owners. There was an implied covenant in the contract that he should receive a marketable title to the whole piece. Where purely legal rights are alone involved, purely legal rules apply. If the vendor had sued the vendee for damages, the former would "be held strictly to the very terms of the engagement." Smyth v. Sturges, 108 N. Y. 503, 15 N. E. 546. The defendant has not sought in his pleading to have the relations of the parties to the contract considered or determined by any other standard. Equitable considerations are thus excluded.

It is the settled law of this state that, where a vendee seeks to rescind a contract for the sale of real estate on account of a defective title, the question as to materiality of the defect, where it depends upon, and is an inference to be drawn from, circumstances, is a question of fact for the jury; but where it turns upon the construction of a contract, and no special circumstances need be taken into account, it is a question of law for the court. Stokes v. Johnson, 57 N. Y. 673; Heller v. Cohen, 154 N. Y. 306, 48 N. E. 527. The only matter, therefore, before us, is whether the court properly disposed of the case. We think it did not. The contract was perfectly plain. The agreement of the defendant was to sell and convey a vacant piece of ground, of certain specific dimensions. Whether the apparently inconsiderable deficiency of a strip an inch and a half, in a frontage of 900 inches, might be disregarded, if this case would be disposed of on the rule of compensation or allowance applied by courts of equity in suits for specific performance, is not before us. Here the objection of the plaintiff is not founded only on a slight deficit in quantity, but upon the existence of an encroachment on the land, to which he

was entitled under the contract, of a wall of an adjoining building. Although there was no proof to show to what extent the land was depreciated in value by reason of that encroachment, still it could not be adjudged, as matter of law, that it was an immaterial thing, and that the plaintiff was bound to take title, and pay the full price, notwithstanding this encroachment upon the premises; for such is the effect of the ruling. There was a technical breach of the contract by the vendor. It furnished a legal reason or excuse to the vendee to refuse to take the title. In such a case, when the vendor is without fault, as here, the damages recoverable, as such, are nominal only for the breach itself (Conger v. Weaver, 20 N. Y. 140); but, as special damages, the deposit money and expenses of the vendee may be recovered also (Northridge v. Moore, 118 N. Y. 422, 23 N. E. 570; Walton v. Meeks, 120 N. Y. 82, 23 N. E. 1115; Pumpelly v. Phelps, 40 N. Y. 59; Leggett v. Insurance Co., 53 N. Y. 394; Cockroft v. Railroad Co., 69 N. Y. 201). We do not consider the case in any other aspect than that in which it was disposed of on the trial, and as the parties were content to present it in the court below.

Exceptions sustained, and new trial ordered, with costs to plaintiff to abide event. All concur.