(29 Misc. Rep. 96.)

### McDONALD v. BACH et al.

(Supreme Court, Special Term, New York County. October, 1899.)

1. SPECIFIC PERFORMANCE—ENCROACHMENT—CONTRACT BY AGENT.

Where a wall on property which plaintiff has contracted to exchange overlaps about three-quarters of an inch, the encroachment is not sufficient to justify defendant's refusal to perform the contract.

2. SAME.

The fact that plaintiff, in a contract for exchange of lands, agreed to convey by full-covenant deed, when the title was in his mother, is not ground for defendant's refusal to perform, when, at the time for closing title, plaintiff had a covenant deed executed by his mother to the defendant.

Action by George A. McDonald against Lewis Z. Bach and others to compel specific performance of a contract to exchange lands. Decree for specific performance.

William H. Stockwell, for plaintiff.

Ennever & Trautmann (Thomas C. Ennever, of counsel), for defendants.

RUSSELL, J.   The encroachments are not sufficient to justify resistance to specific performance of the contract for the exchange of lands.   The average overlapping of the wall does not exceed three-quarters of an inch.   Although adverse possession has not been acquired, the existence of the wall for many years without disturbance or adverse claim may be taken into consideration to determine the probability of any impairment of possession;  and the recent statute indicates the policy of the law for the quieting of rights to the use of party walls after the 1st day of September, 1899, which time has now elapsed.   Code Civ. Proc. § 1499, as amended by Laws 1898, c. 517. The tendency of the law is to reject an objection for encroachments unless it appears that real diminution of marketable value occurs, on account of the substantial character of the encroachments.   Merges v. Ringler, 34 App. Div. 415, 54 N. Y. Supp. 280, affirmed in 158 N. Y. 701, 53 N. E. 1128.

The more serious objection comes from the entire want of title of the plaintiff to the premises which were to be conveyed by him to the defendants.   He contracted to convey by full-covenant deed when he was not the owner, the title being in his mother.   At the time fixed for closing the title, however, he presented a full-covenant deed from the mother, executed in due form, reciting a consideration of one dollar and exchange of property.   The evidence discloses that he was agent of his mother, and apparently had full oral authority to bargain with reference to her estate.   The execution of the deed by her to the defendants in pursuance of the contract of the plaintiff, and delivery to him for the purpose of carrying out the contract, are a full ratification of that contract; and from that ratification it may be inferred that he had such authority originally as to justify dealing with him in the execution of the contract.   Undoubtedly, the defendants had a right to assume, from the plaintiff's covenant to convey, that he had good title at the time of the contract.   Burwell v. Jackson, 9 N. Y. 535.   And a subsequent parting with the title by plaintiff would have justified the defendants in refusing to incur any expense on account of the contract.   James v. Burchell, 82 N. Y. 108.   But where parties are not asked to incur any liabilities or make any expenditures before the closing of title, and on that occasion a perfect title is tendered, their rights are not invaded, and the execution complies in all respects with the promise or covenant.   This theory has been carried so far in cases of sealed contract as to justify, not only the enforcement of contracts so made, but to allow that enforcement to be compelled in the courts in the name of the agent instead of that of the principal. It has been so held in case of a lease.   Schaefer v. Henkel, 75 N. Y. 378;  Melcher v. Kreiser, 28 App. Div. 362, 51 N. Y. Supp. 249.   Also, in the matter of a contract to erect a building.   Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550.   An executed contract, under seal, for purchase of lands, executed by the vendee in his own name, cannot be enforced by the principal as his contract, where there was no proof

of a ratification by the undisclosed principal. Briggs v. Partridge, 64 N. Y. 357. The rule is different where a contract is not under seal. Miller v. Ball, 64 N. Y. 286. The courts will adhere to the old rule that a sealed contract gives only to the persons executing the same the power to enforce the obligations expressed, while, under the theory of our Code of Civil Procedure, in simple contracts the real party in interest must sue. Doubtless circumstances might exist which would modify the application of this rule by the impression of a trust which would allow the real beneficiary to assert his rights. Courts of equity enforce resulting trusts, and will protect rights where such protection is needed to prevent an injury to the truster from any adverse action of the trustee. Here no harm comes to the defendants in the carrying out of the contract. The real owner gives a full-covenant deed. She interposes no objection to the execution of the contract as made. It is a case where her full and complete assent. evinced by her voluntary parting with title, would require affirmative action on her part in case any claim for equitable consideration is to be made by her. Silence gives assent, so far as her rights are involved; and it would be unjust to allow the defendants to make use of her ownership to justify repudiation of the contract, where she freely joins in the execution for the plaintiff.

Specific performance must be adjudged, but the judgment may provide that the plaintiff shall, by conveyance in due form, join in the covenants of warranty; and the defendants' deed to the plaintiff may declare the same to be executed to him as trustee for the mother. Ordered accordingly.