### MOSER v. ELLIS et al.

(Supreme Court, Special Term, New York County. November 8, 1907.)

JUDICIAL SALES—VACATING—DEFECTIVE TITLE—RIGHTS OF PURCHASER.

Where the walls of a building on premises sold by a referee encroach from one to three inches on property adjoining it on three sides, and none of the encroachments were mentioned in the terms of sale, the purchaser may refuse to accept the title tendered by the referee, since he has a right to a title the validity of which is reasonably free from doubt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Judicial Sales, §§ 98, 99.]

Action by Arthur G. Field Moser against Edith H. Ellis and others. Motion to set aside a referee's sale. Granted.

Henry M. T. Beekman, for plaintiff.
Harold Swain, for purchaser.

SEABURY, J. This is a motion to set aside the referee's sale of the premises No. 141 East Sixtieth street, and to relieve the purchaser, and to direct the repayment to him of the money paid, with interest, together with the payment of the auctioneer's fees and the expense incurred in the examination of the title to the premises in question.

It appears that the southerly wall of the building on the premises sold encroaches 1 inch on the premises adjoining on the south for a distance of 20 feet, that the independent easterly wall of the two-story building encroaches 2½ inches for a distance of 20 feet on the premises adjoining on the east, that the easterly independent wall of the one-story building encroaches from 2 to 3 inches for a distance of 30 feet on the premises adjoining on the east, that the northerly wall encroaches 2 inches for a distance of 45 feet on the premises adjoining on the north, and that none of these encroachments were mentioned in the terms of sale. The purchaser has a right to a title the validity of which is reasonably free from doubt, and he ought not to be compelled to accept property which he may be required to de-

fend by litigation. In Stevenson v. Fox, 40 App. Div. 354, 57 N. Y. Supp. 1094, affirmed 167 N. Y. 599, 60 N. E. 1121, Mr. Justice Ingraham said:

"The rule seems to be that the fact that a building upon the premises contracted to be conveyed stood 1½ inches upon property to which the vendor had no title was a reasonable ground of objection by the vendee to the completion of the contract, and that, in the absence of proof of facts tending to overcome this presumption, a vendee is justified in refusing to accept a conveyance."

Within the rule so declared the purchaser was within his rights in refusing to accept the title tendered to him by the referee. Place v. Dudley, 41 App. Div. 540, 58 App. Div. 671; Wilhelm v. Federgreen, 2 App. Div. 483, affirmed 157 N. Y. 713, 53 N. E. 1133; Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107.

Motion granted. Settle order on notice.