BELLA GOLD, Plaintiff, *v.* JOSEPH H. CALDERAZZO, Defendant.

(Supreme Court, Kings Special Term, July, 1917.)

Judicial sales — in foreclosure — marketable title — motions and orders — encroachments.

    An encroachment of one-half inch for a distance of about forty feet consisting of a three-story brick wall of the building of the adjoining property will not release a purchaser of property sold at a sale in foreclosure and a motion to compel him to complete his purchase will be granted.

APPLICATION to compel a purchaser at a judicial sale by a referee in foreclosure to complete his purchase.

Irving Silverman, for plaintiff.

Henry Waldman, for defendant.

MANNING, J. This is an application to compel a purchaser at a judicial sale by a referee appointed by a judgment of foreclosure and sale to complete his purchase made at the public auction, where he was the highest bidder and deposited the usual ten per cent of the purchase price. When the deed of the referee was tendered to the purchaser he refused to accept it on the ground that it did not pass a good marketable title to the premises, his only objection being that there was

an encroachment of half an inch for a distance of
about forty feet, consisting of a three-story brick wall
of the building on the adjoining property.   The lot
purchased is nineteen feet by eighty-five feet.   The
merits of the case are undoubtedly with the moving
party, inasmuch as the discrepancy is so slight that
it makes no practical difference in the value of the
property or its extent.   It does not appear from the
papers how long the three-story brick building, whose
wall encroaches for the half inch on the land which
is the subject of this sale, has been there.   The lead-
ing case on the subject is *Merges* v. *Ringler,* 34 App.
Div. 415; affd., 158 N. Y. 701, on the opinion below.
That case presented a situation where there was a
variation of a half inch in a distance of one hundred
and forty-one feet, and when the purchaser at
the judicial sale sought to be relieved from his
purchase the application was denied.   Mr. Justice
Ingraham, writing the opinion and citing the case
of *Riggs* v. *Pursell,* 66 N. Y. 198, says:   '' If
every minute and critical objection to a judicial sale
is suffered to prevail, it will be attended with much
inconvenience and embarrassment.   A purchaser
claiming to be discharged from his contract should,
therefore, make out a fair and plain case for relief,
and it is not every defect in the subject sold or varia-
tion from the description that will avail him.   He will
not be suffered to speculate at such sales, and, if he
happens to make a bad bargain, to repudiate it and
abandon his purchase on some nice but immaterial
objection.   If he gets substantially what he bargains
for he must complete the purchase and take his deed;
and, in some cases, the court will compel him to take
a compensation for any deficiency.   The court will
weigh the object and inducement of the purchaser,
and, looking to the merits and substantial justice of

each particular case, if the sale be fair, relieve or not from the purchase, according as the character of the transaction and circumstances may appear to require." See, also, *Harrison* v. *Platt,* 35 App. Div. 533. While the following cases did not arise from a judicial sale, nevertheless the same principle is enunciated. In *Ungrich* v. *Shaff,* 119 App. Div. 843, the court held that a discrepancy from one to two inches for fifty feet, with an encroachment of a brick building on a plot thirty-five by one hundred feet was not enough to release a purchaser. In *Santer* v. *Frank,* 67 Misc. Rep. 658, the court held that a four to four and a half inch deficiency in the rear of a lot was immaterial. In *McDonald* v. *Bach,* 29 Misc. Rep. 96, three-quarters of an inch was held immaterial. Of course there is a line of cases to the contrary, for, as the courts have said, each controversy must be determined on its own particular phase. The case of *Moser* v. *Ellis,* 106 N. Y. Supp. 1075, which is a Special Term decision by Mr. Justice Seabury in the first department, holds that a purchaser at a referee's sale was relieved from the sale where the premises sold encroached one inch on the premises adjoining for a distance of twenty feet on one side, and also encroached on two other sides. There are some old decisions cited in *Merges* v. *Ringler, supra,* which do not have to be considered. I am of the opinion that the motion should be granted; that no allowance should be made for the half inch encroachment because it is immaterial and will not affect the marketability of the property.

Motion granted, with costs.