JOHN L. WHITE, Appellant, *v.* ONONDAGA COUNTY SAVINGS BANK, Respondent.

Third Department, July 1, 1918.

**Real property — vendor and purchaser — defect in title — easements.**

Where an owner agrees to convey city property of a certain frontage free and clear of all incumbrances, easements in a twelve-foot alley on one side of the lot of which the purchaser had no notice, constitute a defect in title which is not obviated by the owner subsequently procuring releases from the parties holding the easements and substituting therefor

rights of way in a nine-foot alley on the opposite side of the lot, as this is an unauthorized impairment by the owner of its own title after it had contracted to convey the same.

APPEAL by the plaintiff, John L. White, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Chemung on the 7th day of December, 1916, upon the decision of the court dismissing the complaint after a trial at the Chemung Special Term.

*James O. Sebring,* for the appellant.

*Herendeen & Mandeville* [*H. C. Mandeville* of counsel], for the respondent.

COCHRANE, J.:

In March, 1914, the parties entered into a written contract whereby the defendant agreed to convey to the plaintiff property described in the contract as follows, viz.: " The Lyceum theater building and property, so-called, situate in the City of Elmira, N. Y., together with all the rights and easements connected therewith, and the personal property as per list attached." The consideration of the sale was $45,000. The plaintiff paid $5,000 at the time of the contract, and agreed to pay a like sum on or before June 1, 1914, and on or before December 31, 1914. On the last-mentioned day a deed was to be given by the defendant and a bond and mortgage for the unpaid purchase price by the plaintiff. The purchaser was to have possession of the premises on June 1, 1914. The contract contained these provisions: " The owner agrees to furnish a good and sufficient abstract of title showing the title to the said property free and clear of all encumbrances," and " in case the title to the said property shall be defective, then this agreement shall become null and void without damage to either party hereto, and the amounts heretofore paid shall be refunded to the purchaser."

The plaintiff made the further payment of $5,000 on June 1, 1914, as required by the contract, and went into possession of the premises at that time and thereafter received rents from said property and paid insurance and made repairs to the property.

On November 20, 1914, the defendant sent to the plaintiff an abstract of title to the premises mentioned in the contract. On December twenty-sixth following, the plaintiff notified the defendant that it had failed to furnish a good and sufficient abstract of title showing the title to the said property free and clear of all incumbrances and demanding repayment of the money which he had advanced under the contract. Thereafter this action was brought to recover the payments which the plaintiff had made on account of said contract. The defendant interposed a counterclaim demanding the specific performance of the contract and in default thereof that it be foreclosed. The trial court has found that the default in the performance of the contract was on the part of the plaintiff and has adjudged a foreclosure thereof and that the property be sold for the unpaid purchase price, and that the plaintiff be liable for any deficiency arising on such sale.

" The Lyceum theater building and property, so-called," which the defendant agreed to sell to the plaintiff is 134½ feet in front on the northerly side of Carroll street, and holding that width extends north from Carroll street 84 feet.

Among the findings contained in the decision are the following:

" *Twenty-fourth.* That a 12 foot alley or passage way formerly existed along the westerly end of the old Lyceum Theater property extending from Carroll Street to the rear of the theater. This alley was built over at a height of some 14 feet.

" *Twenty-fifth.* That a 20 foot yard extended along the northerly side of the theater property. * * *

" *Twenty-seventh.* The old Lyceum Theater building was destroyed by fire on March 6, 1904. In the summer and fall of 1904, a new theater building was erected upon the plot formerly occupied by the old theater.

" *Twenty-eighth.* The said 12 foot alley was built in and permanently closed by the new theater building. .

" *Twenty-ninth.* When the said 12 foot alley was closed, a new alley 9 feet wide was opened to the east of the new theater, connecting the said 20 foot yard with Carroll Street. * * *

" *Thirty-sixth.* That the said 12 foot alley cannot be

reopened except at great expense and damage to the Lyceum Theater property."

The trial justice also at the request of the plaintiff made the following findings:

" *Thirty-fourth.* That the defendant never acquired the title in fee to the whole of the said 12 foot alley way.

" *Thirty-fifth.* That it never acquired title in fee to the strip six feet wide along the westerly one-half of the said alley way.  *  *  *

" *Thirty-eighth.* That within a year or so after the said destruction of the said opera house building, the present opera house building was constructed thereon.

" *Thirty-ninth.* That it is a building substantially constructed of brick and about 122 and one-half feet in length along said Carroll Street, 84 feet wide at its easterly end and 78 feet wide at the westerly end.  The theater building proper was not extended over the 12 foot alley way.  There was built and has since been maintained thereover a structure about 14 feet high and used as the entrance to the main part of the opera house building.  *  *  *

" *Fifty-fourth.* That the existence of a right of way as an easement appurtenant to any of the said lands adjoining the said right of way over the said part of said right of way 12 feet wide would materially impair the value of the said Lyceum Theater property, so called, and materially interfere with the use thereof, as and for a theater, opera house and place of amusement."

The twelve-foot alley way is a part of the one hundred and thirty-four and one-half feet of the theater property.  As indicated by the above findings it " was built in and permanently closed by the new theater building," and it " cannot be reopened except at great expense and damage to the Lyceum theater property," and a right of way therein if asserted by any person owning such right " would materially impair the value of the said Lyceum Theater property, so-called, and materially interfere with the use thereof as and for a theater, opera house and place of amusement."   Clearly when the plaintiff made his contract he did not have in mind the existence of outstanding rights of third parties in the westerly twelve feet of the property in question.   There was nothing

in the situation to put him on his guard or to charge him with notice of any defect in the title to this twelve feet. The existence of such rights might seriously impair the use and enjoyment of the opera house property. It would necessitate a readjustment of the situation and would materially affect the utility of the property and diminish its value as the court has expressly found. It will be observed that the court also expressly found " that the defendant never acquired the title in fee to the whole of the said 12 foot alley way." If that finding is supported by the evidence it is fatal to this judgment. The defendant insists that such finding is contrary to the evidence and should be disregarded. Formerly various property owners to the north and west of the theater property unquestionably had substantial rights in this alley. But it is claimed by the defendant that such rights have been extinguished, and it may here be assumed that such is the fact. Nevertheless it was the contention of the plaintiff that property owners on the north of the twenty-foot alley having a right to use the same had also a right to use the twelve-foot alley in connection therewith as a means of access to and from Carroll street. To obviate this contention and to remove any possible doubt on the subject the defendant after it made its contract with the plaintiff procured releases from those parties of any rights which they might have in the twelve-foot alley and substituted therefor rights of way for the purposes of ingress and egress in the nine-foot alley on the east. Clearly this was an unauthorized impairment by the defendant of its own title after it had contracted to convey the same to the plaintiff. It was changing the rights of the parties and creating new easements over the property to the prejudice of the plaintiff. It is of no importance as bearing on this question whether the property owners on the north did or did not possess easements in the twelve-foot alley. In either event the act of the defendant constituted the creation of easements which did not previously exist. It is suggested that those contracts with the property owners on the north merely established and confirmed rights already existing and do not create new easements. It may be conceded that if these easements in the nine-foot alley existed when the contract was made the plaintiff should be deemed to have con-

tracted with reference to the same. But the difficulty is that those easements were previously at best a matter of conjecture. They were not evidenced by deed or grant. If they had any existence the establishment of such existence depended on oral evidence and questions which were open for investigation and consideration. Very clearly under such circumstances it cannot be said as a matter of law that these easements in the nine-foot alley existed independently of the establishment thereof by the contract of the defendant with these third parties. (*Shriver* v. *Shriver*, 86 N. Y. 575; *Vought* v. *Williams*, 46 Hun, 638; affd., 120 N. Y. 253; *Wilhelm* v. *Federgreen*, 2 App. Div. 483, 486; affd. on opinion below, 157 N. Y. 713.) The existence of those easements was not a subject of litigation at the trial. If it had been it would have been open to the plaintiff to dispute and litigate that question, and the defendant by these contracts to which the plaintiff was not a party placed it beyond his power to raise any question in reference thereto. Neither can we assent to the proposition that the defendant did not contract to convey the fee of the nine-foot alley but only an easement therein. The fee is clearly in the defendant and the defendant intended to convey and the plaintiff intended to purchase all the rights that the defendant had in the property. The defendant has placed burdens on this fee which did not exist when it made its contract. It cannot be assumed that these burdens are immaterial or trivial. A strip of land nine feet wide fronting on an important street in a business section of a city has a substantial value. The creation of rights of way thereover materially affects that value. Less substantial defects have been held to entitle the vendee to relief. (*Place* v. *Dudley*, 41 App. Div. 540; *Kaplan* v. *Bergmann*, 122 id. 876.) Those moreover were cases where the defects were not procurements of the vendor after the execution of the contract of sale. The judgment, therefore, cannot be sustained.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.