FIRST TRUST AND DEPOSIT COMPANY, Plaintiff, *v.* BERTHA A. COX and Others, Defendants.

Supreme Court, Onondaga County, August 18, 1936.

*Hiscock, Cowie, Bruce & Lee* [*Donald Yeomans* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Edward E. Brogan, Assistant Attorney-General,* of counsel], for the defendants.

CREGG, J. On July 7, 1925, Charles A. Cox was the owner of certain real property in the city of Syracuse. He died on that date and left a last will and testament in which he devised the property in question to his wife, Bertha A. Cox.

Plaintiff herein held a first mortgage against the property, upon which there remained unpaid about $10,750.00 of principal.

Early in 1936 plaintiff began foreclosure proceedings. Mrs. Cox was then the owner. A transfer (or inheritance) tax of $13.94 had been assessed by the State against the estate of Charles A. Cox. The State was made a party defendant in the foreclosure proceedings. Summons and complaint were served on the Attorney-General. The Attorney-General served notice of appearance but did not serve an answer.

After the property was advertised for sale, the Attorney-General served a notice upon the referee in which the State claimed a lien for said tax on the property in question and directed the referee to pay the same from the proceeds of the sale and prior to any payment on the mortgage debt.

The sale was held but the amount received was not sufficient to pay the mortgage debt. Thereupon the referee petitioned this court for instructions as to the disposition of the proceeds of the sale, in so far as the transfer tax was concerned.

The State contends that the transfer tax is a lien superior to the prior mortgage.

Plaintiff contends:

*First.* That the tax is not a lien superior to that of the mortgage.

*Second.* That if it was it was cut off by foreclosure and sale in which the State was made a party.

The first question to determine is, just what is a transfer tax and upon what is it based. The following sections of the Tax Law provides:

Article 10, section 220 of the Tax Law: " A tax shall be and hereby is imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom in trust or otherwise, to persons or corporations in the following cases, subject to the exemptions and limitations hereinafter prescribed.

" 1. When the transfer is by will or the intestate laws of this state from any person dying seized or possessed thereof while a resident of the state."

Section 224 of the Tax Law declares that " Every such tax shall be and remain a lien on the property transferred until paid and the person to whom the property is so transferred, and the executors, administrators and trustees of every estate so transferred shall be personally liable for such tax until its payment."

Section 230 of the Tax Law makes provision for the appraisal of the property at its fair market value at the time of the transfer.

Section 243 of the Tax Law defines the words " estate " and " property " as used in the act to mean " the property or interest therein" of the testator passing or transferring to its successor with the liability of the tax.

Under these sections, the true test by which the tax is to be measured is the value of the interest or estate transferred at the time of the transfer thereof. (*Matter of Sloane*, 154 N. Y. 109.)

The tax in question is imposed, as provided in the statute, upon the transfer of and not upon the property. It is a tax upon the method by which the interest of the beneficiary in the estate of the testator was transferred to and acquired by the beneficiary. (*Matter of White*, 208 N. Y. 64, 67.)

A transfer tax is not similar to general taxes imposed by public authority which attach to property without respect to any particular estate or interest therein or imposed for the privilege of doing business. It is a tax imposed on the right of succession and attached upon the successive shares transferred. (*Matter of Hoffman*, 143 N. Y. 327.)

How then can a transfer tax become a lien upon anything but the estate or interest of decedent at the time of his death? Such tax cannot be a lien against the interest of one who holds a lien upon the property paramount to that of the testator. (*Kitching* v. *Shear*, 26 Misc. 436.) Any other holding might cause untold misery and deprive innocent mortgagees of their legal investments.

In arriving at these conclusions I am not unmindful of the several cases cited by the Attorney-General, particularly, *New York Terminal Co.* v. *Gaus* (204 N. Y. 512).

That case involved a franchise tax imposed upon a corporation for the privilege of doing business. A receiver operated the corporation and enjoyed the corporation privileges. That tax was properly levied and became a lien on the real estate. The same general principle governed the decisions in the cases of *Marshall* v. *New York* (254 U. S. 380); *Matter of Century Steel Company of America, Inc.* (17 F. [2d] 78), and *New York* v. *Maclay* (288 U. S. 290), also cited.

It is unnecessary to pass upon the question of whether or not the Attorney-General should have filed an answer.

Order may be entered directing the referee to pay balance of funds in his hands to plaintiff, without costs.