THE ONONDAGA COUNTY SAVINGS BANK, Plaintiff, *v.* DAVID LOVE, JR., and Others, and THE PEOPLE OF THE STATE OF NEW YORK, Defendants.

Supreme Court, Onondaga County, February 19, 1938.

*Brewster & Johnson* [*Harold W. Halverson* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Edward E. Brogan* of counsel], for the People of the State of New York.

CROSS, J. This is a motion made by the Attorney-General to strike from the complaint paragraphs " 14 " and " 15 " in a mortgage foreclosure action, and to dismiss the complaint against the defendant, The People of the State of New York, for failure to comply with section 259 of the Civil Practice Act.

The moving affidavit of the Assistant Attorney-General seeks to have paragraph " 14 " stricken from the complaint. On the argument of the motion and in the briefs the same relief is demanded in respect to paragraph " 15 " of the complaint.

The People of the State of New York, by the Attorney-General, contend that section 259 of the Civil Practice Act should be strictly construed and that pleading the detailed facts in this section specified is a condition precedent to the right to make the People a party to the action, and that upon failure so to plead, the section makes mandatory the dismissal of the complaint.

The plaintiff contends that this is not a suit against the State and that the reason for making the People a party defendant is to enable them to come in and protect their rights, which are admittedly subordinate to plaintiff's mortgage, and by the same process provide to the purchaser, under the decree of foreclosure, perfect title to the premises, discharged of the lien of the State.

As far back as the year 1845, in *Garr* v. *Bright* (1 Barb. 157, at p. 164), the Chancellor said: " It is also the ordinary practice to make the Attorney-General a party to a foreclosure suit, where the People of this State have a subsequent lien upon the mortgaged premises, by judgment or otherwise; so as to give to the purchaser, under the decree of foreclosure, a perfect title to the premises; discharged of the lien of the State."

In *Kiersted* v. *People* (1 Abb. Pr. 385) the court said (at pp. 386, 387): " For nearly eighty years, the People of the State of New York have been independent, and if liable to be sued in their own courts, might have been sued within that time. Yet no other instance is known in which a suit was ever before commenced against them in their own tribunals, unless when they had specially authorized the suit, or they or their Attorney-General were made parties in an equity suit with other defendants on account of some lien or claim held by the State *avowedly* subject to the prior claim

of another. Then they were made co-defendants, not to defeat their claim, or to compel them to do justice, but to give them the opportunity (if they chose) to come in and protect their rights."

In *Kitching* v. *Shear*, Supreme Court, New York Special Term, 1899 (26 Misc. 436) the court said that statutory authority was essential to make the State a party defendant in a foreclosure action wherein the lien of the State upon an unpaid transfer tax was sought to be cut off. The opinion does not refer to the *Kiersted* case (*supra*), and no doubt it was not called to the court's attention. This inference is logical and convincing, for, as was said by the publishers of the volume reporting the *Kiersted* case (1 Abb. Pr. p. v): " It may be well to add, that a decision described as the decision of the Special Term of any court, means the decision of a single judge holding that court. The General Term is holden by several judges — usually three — and sits generally for the purpose of hearing appeals from decisions made at the Special Term. It is from the decision of the court at General Term that appeal is taken to the Court of Appeals. The decisions at General Term are of course entitled to the most weight."

In *Seitz* v. *Messerschmitt* ([1907] 117 App. Div. 401; affd., without opinion, 188 N. Y. 587) the lower court said (at p. 403): " The cases in which courts of equity have allowed a State or the Attorney-General of a State to be made a party defendant have been cases in which there had been a lien upon real or personal property, which apparently was owned by the State and the Attorney-General was made a party, not for the purpose of affecting the rights of the State but to notify him of the existence of the controversy, so as to give him an opportunity to appear and protect the interests of the State if he so desired. But in no case that I can find has it ever been held that where real property had vested in a State, making either the State or the Attorney-General a party to an action affecting such real property without legislative sanction, could divest the State of the property that had vested in it."

It will be observed that the Chancellor in *Garr* v. *Bright* (*supra*) declared the purpose of making the Attorney-General a party was to give the purchaser, under the foreclosure decree, a perfect title discharged of the lien of the State.

In *Kiersted* v. *People* (*supra*) and in *Seitz* v. *Messerschmitt* (*supra*) the court referred to such practice without special authority in making the State a party as resting upon the purpose of giving the State an opportunity to protect its rights and not upon the ground of defeating its claim.

Following the decision in *Kitching* v. *Shear*, the Legislature enacted chapter 528 of the Laws of 1899 which provided, *inter alia*,

that " The People of the State of New York may be made a party defendant to an action for the foreclosure of a mortgage on real property, where the People of the State of New York have a lien on the said real property subsequent to the lien of the mortgage sought to be foreclosed in said action, in the same manner as a private person. In such a case, the summons must be served upon the Attorney-General, who must appear in behalf of the People," and chapter 609 of the Laws of 1901: " In any action brought, affecting real estate upon which the People of the State of New York have or claim to have a lien, under the Transfer Tax Act, the said People of the State of New York may be made a party defendant, in the same manner as a private person. In such a case the summons must be served on the Attorney-General, who may appear in behalf of the People."

Section 214 of Civil Practice Act provides: " In any action brought affecting real property upon which the People of the State of New York have or claim to have a lien under articles nine, nine-a, nine-b, nine-c, ten, ten-a, ten-b, ten-c, sixteen or sixteen-a of the Tax Law, or section five hundred fifty-six-b and five hundred fifty-six-c of the Code of Criminal Procedure, the People of the State of New York may be made a party defendant in the same manner as a private person."

Section 259 of Civil Practice Act provides: " Where the People of the State of New York are made a party defendant in an action affecting real property, the complaint shall set forth detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the People a party defendant, and where the lien is one under articles ten, ten-a, ten-b or ten-c of the Tax Law, the name or names of the decedent or decedents against whose estate there is an unpaid transfer or estate tax, the date of the death of each such decedent, the place of residence of decedent at the time of death, the heirs at law and next of kin of decedent and if decedent left none that fact shall be stated, whether decedent died testate or intestate, and whether the estate of decedent has been administered, and if so where; and if not administered, such fact shall be stated; * * *. Upon failure to state such facts, the complaint shall be dismissed as to the People of the State of New York."

Paragraph 7 of subdivision 1 of section 1079 of the Civil Practice Act provides: " The People of the State of New York may be made a party defendant to an action for the foreclosure of a mortgage on real property, where the People of the State of New York have an interest in or a lien on the said real property subsequent to the lien of the mortgage sought to be foreclosed in said action, in the same manner as a private person."

This quoted excerpt from section 1079 of the Civil Practice Act is the pertinent paragraph of the section relating to the State being made a party to an action for the forclosure of a mortgage.

The word " person " does not, in its ordinary or legal signification, embrace a State or government. (McKinney's Consolidated Laws of New York, Annotated, book 1 [Statutes and Statutory Construction], § 65, citing *Matter of Fox*, 52 N. Y. 530.)

The Legislature in 1937, by chapters 553, 554, 555 and 556, amended the Tax Law, in relation to lien of tax on estates of resident decedents, in relation to taxable transfers, in relation to lien of tax on estates of residents and non-residents and in relation to lien of tax and collection by executors, administrators and trustees, by inserting the following provision:

" But the lien of each such tax shall be subject to the lien of any mortgage indebtedness existing against real property previous to the time when such tax became a lien and where such mortgage indebtedness has been incurred in good faith. In any action to foreclose any such mortgage to which the People of the State of New York shall have been made a party defendant by reason of the existence of a lien for any such tax or if no such tax was due or a lien at the time of the commencement of such action and the filing of the notice of pendency thereof, but such a tax or fee becomes due or a lien subsequent to the time of the commencement of such action and the filing of the notice of pendency thereof, such real property shall be sold and conveyed in such action free from any such tax lien and any such tax lien may become a lien on any surplus moneys which may result from such sale, to be determined in the proceedings for the distribution of such surplus moneys.

" § 2. This act shall take effect immediately." (Laws of 1937, chap. 553, amdg. Tax Law, § 249-g.)

While the enactment of chapter 528 of the Laws of 1899, chapter 609 of the Laws of 1901, Civil Practice Act, sections 214, 259 and 1079, and chapters 553, 554, 555 and 556 of the Laws of 1937, does not establish conclusively that statutory authority was necessary to authorize the plaintiff to make the People a defendant in this action, I am of the opinion that if such statutory authority was necessary, there can be no doubt that it exists and that sections 214 and 1079 of the Civil Practice Act expressly confer such authority.

If the People do not claim to have a lien under article 10-C of the Tax Law, then they cannot be injured by the fact that they are made a party to the action. If they do claim to have such a lien, then they are put on notice and in a position to appear and protect their interest, arising out of such lien, in the property and proceeds

of the sale thereof, in the foreclosure action. It is patent upon a careful examination of the quoted statutes relating to the right to make the People a party defendant in an action involving a lien of the State of the type with which we are here concerned, that a common intent runs through each and all of the statutes on this subject. A common intent is to enable title to real estate to be made merchantable and to permit quiet enjoyment under a clear title. A thread running through all of these statutes is discernible in the effort of the lawmakers to avoid confusion and uncertainty in titles to real estate. Another common intent running through each and all of these statutes on this subject is to make certain the preservation of the right of the State under such a lien to the end that it may effectively enforce its right to collect the tax for which the lien is security.

Now returning to section 259 of the Civil Practice Act, it is evident that it contemplates a condition where the People of the State of New York are already a party defendant. The provisions of this section requiring certain detailed information to be set forth in the complaint are perfectly consistent with the common intent running through all the statutes and decisions relating to the same subject and seeking to preserve the lien of the State to the end that it may effectively realize its right to the moneys secured to it by the lien itself. No purpose is apparent in any of the statutes or decisions upon this subject to cloud the title to real estate nor to discourage loans on real estate security. The practice of loaning money secured by mortgage on real estate is firmly woven into the fabric of our experience and fills a wholesome need which none will deny. The particulars required to be shown in a complaint, under section 259 of the Civil Practice Act, are not an end in themselves, they are merely a means to an end. That end is to enable the State to protect itself in the enforcement of its valid liens.

There are no words in section 259 of the Civil Practice Act expressly repealing any of the other statutes to which I have directed attention. These statutes, including section 259 of the Civil Practice Act, are in pari materia and do not conflict either in spirit or intent. The complaint sets forth detailed facts, showing the particular nature of the interest of the State in the real property involved in the action and the reason for making the People a party defendant. Section 259 of the Civil Practice Act does not require that all the detailed facts shall be set forth showing the particular nature of the interest in the real property. In the fourth line of the section is significant wording: " and where the lien is one under articles ten, ten-a, ten-b or ten-c of the Tax Law, the name or names of the

decedent or decedents against whose estate there is an unpaid transfer or estate tax, the date, * * * shall be stated."

Neither the literal wording of this section nor its intent requires the complaint to supply the details here lacking where there is no allegation that there is an existing lien. In this complaint there is no allegation that such a lien actually exists, but there is set forth detailed facts showing the particular nature of the interest of the State in the real property to the extent that it may discover and protect its interest. Giving this construction to the language of section 259 of the Civil Practice Act, harmonizes its meaning with the other statutes on the subject including the 1937 amendments which prescribed the procedure where no such tax was due or a lien at the time of the commencement of such action and the filing of notice of pendency thereof.

Where the plaintiff does not and cannot allege that a lien in favor of the State by reason of an unpaid transfer tax actually exists, it is obvious that the information which the complaint fails to supply cannot be alleged, and that the Legislature did not intend such a construction as the movent urges here.

" It is one of the maxims of the common law, and which is a dictate of common sense, that the law will not attempt to do an act which would be vain, or to enforce an act which would be frivolous." (*Trustees of Huntington* v. *Nicoll*, 3 Johns. 566, 598.)

The interpretation here placed upon the statutes, as authorizing the People of the State of New York to be made a party defendant in this action and the inclusion in the complaint of the paragraph so sought to be stricken out, is consistent with the dominant intent manifest in these statutes, that is, to facilitate the transfer and to make merchantable the title to real property.

" It is a familiar rule that a construction of a statute is to be avoided which is liable to produce a public mischief or to promote injustice. Language, however strong, must yield to what appears to be the intention, and that is to be found, not in the words of the particular section alone, but by comparing it with other parts or provisions of the general scheme of which it is a part." (*Hayden* v. *Pierce*, 144 N. Y. 512, at p. 516.)

To construe section 259 of the Civil Practice Act, which appears in article 27, relating to pleadings, so as to require the insertion of information in a complaint which cannot be available from the very nature of the situation involved, would hinder rather than aid the clearance of real estate titles and the collection of the transfer tax by the State.

The public mischief and injustice resulting from a multitude of cloudy titles, the difficulty of securing an adequate price for property

sold under mortgage foreclosure, the advantage to the People of the State of being apprised of a condition which will enable them to discover and enforce their liens, including the other considerations already pointed out, lead to the conclusion that the motion must be denied.

Motion denied, with costs.